## Boal *v.* Citizens' Natural Gas Company, Appellant.

*Lease—Oil and gas lease—Covenants—Rental.*

Where an oil and gas company takes a lease of land for a term of years
" for the sole and only purpose of drilling and operating for petroleum
oil or gas," and covenants to pay a royalty on oil and gas produced, and
also, as additional rental, to furnish the lessor with natural gas for heat
and light for his house during the term of the lease, and the lease con-
tains no forfeiture clause, or clause as to the number or depths of the
wells to be drilled, or as to the time when operations are to begin, or as
to finding oil or gas in paying quantities, the lessee cannot discharge it-
self from the obligation of the covenant to furnish natural gas for domes-
tic purposes, by ceasing its operations when the production of gas ceased
from the single well which had been drilled.

*Practice, C. P.—Parties—Oil and gas lease.*

In an action on an oil and gas lease, where it appears that the name of
the plaintiff's wife was inserted in the lease as one of the parties of the
first part, but the lease was not executed by her, but only by the husband,
and the pleadings show that the only parties to the lease were the plaintiff
and defendant, the action is properly brought in the name of the husband
alone.

*Affidavit of defense—Covenant—Oil and gas lease.*

Where it is not clear whether an averment of an affidavit of defense is
of a fact or of an inference of law from particular facts not set forth, it
is bad for uncertainty.

In an action for breach of a covenant to furnish natural gas to heat and
light a house, where it is admitted that the defendant did not furnish the
gas during the months covered by the action, and the court determines as
a matter of law that the defendant was bound to furnish the gas, the
plaintiff is entitled to judgment in the absence of a clear, distinct and
unequivocal denial that the gas purchased by the plaintiff was reason-
ably necessary to heat and light his premises, or the price paid therefor
was reasonable.

Argued May 11, 1903.   Appeal, No. 103, April T., 1903, by
defendant, from order of C. P. Beaver Co., Sept. T., 1900, No. 7,
making absolute rule for judgment for want of a sufficient affi-
davit of defense in case of George Y. Boal v. Citizens' Natural
Gas Company of Beaver County.   Before RICE, P. J., BEAVER,
ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ.
Affirmed.

Assumpsit for breach of a covenant in a lease.

Plaintiff's statement was as follows :

The plaintiff, George Y. Boal, claims of the defendant, the Citizens' Natural Gas Company, the sum of $30.75 with interest thereon from March 21, 1900, upon the cause of action of which the following is a statement.

On the 15th day of June, 1887, the plaintiff leased to the defendant for the sole and only purpose of drilling and operating for petroleum oil and gas, for, during and until the full term of twenty years next ensuing, the date of the lease, to wit : the 15th day of June, 1887, certain tract of land situated in the borough of Baden, in the county of Beaver, Pennsylvania, bounded on the north by lands of George S. Blazier ; on the east. by State street ; on the south by lands of Mrs. Belle J. Dippold, and on the west by the Ohio river, containing two acres, more or less. Said lease being duly recorded in the office for recording of deeds, etc., in and for the county of Beaver in article book, vol. 12, page 57. Under the terms of said lease as part consideration for the rights and privileges therein granted to the defendant company, the said defendant agreed to furnish and deliver free of cost unto the said plaintiff, party of the first party, the said lease, from and after July 1, 1887, and during the term of this lease sufficient natural gas for heat and light for use upon residence premises, in said borough, of the said party of the first part, the plaintiff herein. In accordance with the terms of said lease, the defendant furnished the plaintiff with gas to the first day of November, 1899, at which time the gas was shut off from the plaintiff's residence, the defendant refusing to furnish gas in accordance with the terms of the lease, and continuing to refuse so to do at the present time. By reason of the failure of the defendant company to comply with the terms of the lease as aforesaid, plaintiff was compelled to purchase his gas and during the months of November and December, 1899, and January, 1900, expended therefor $30.75 and judgment for this amount was recovered before a justice of the peace, from which judgment the defendant appealed to this court at the above number and term.

Wherefore, plaintiff says that by reason of the failure of the defendant company to comply with the terms of the lease as aforesaid, he is injured and has sustained damages for the months of November and December, 1899, and January,

1900, in the sum of $30.75 to recover which sum, together with interest thereon from March 21, 1900, he now brings this suit.

Defendant's affidavit of defense was as follows:

1. The plaintiff, George Y. Boal, did grant unto the defendant company, by an instrument of writing commonly known as an oil and gas lease, dated June 15, 1887, and recorded in the office of the recorder of deeds of Beaver county, Pennsylvania, in article book, vol. 12, page 57, the right to drill for petroleum oil and gas, upon a piece of land containing two acres, more or less, situated in the borough of Baden in said Beaver county, subject, however, to certain exceptions, reservations and restrictions, which said record is hereby made a part of this affidavit of defense, by which lease the defendant covenanted to deliver unto the parties of the first part named therein, to wit: plaintiff and his wife, their heirs and assigns, the full equal one-eighth part of the petroleum oil discovered and produced on the premises granted by said lease, and further covenanted that if gas should be obtained, the consideration in full to the parties of the first part should be one dollar per pound for each pound pressure, per annum, payable within sixty days after completion of such well, and thereafter, yearly in advance at Baden, Pennsylvania, and as additional rental, further agreed that the defendant " shall furnish and deliver, free of cost unto the parties of the first part, from and after July 1, 1887, and during the term of this lease, sufficient natural gas for heat and light, for use upon the residence premises in said borough of said parties of the first part."

2. In pursuance of the said lease the defendant drilled one well upon the said premises and obtained a producing gas well, and transported the gas therefrom to market, and did market the same until some time prior to October 31, 1899, when the volume and pressure of the gas in said well decreased to such an extent that the defendant was unable to obtain any gas from said well, and has never since obtained any gas therefrom, or had any beneficial enjoyment of said premises. The defendant has never discovered or produced any petroleum oil on or out of said premises. In particular, affiant avers that during the months of November and December, 1899, and January, 1900, the defendant did not produce or obtain any petro-

leum oil or gas out of said premises, and did not have any beneficial enjoyment thereof.

3. The defendant and affiant are advised by counsel that the defendant's covenant in said lease, hereinbefore recited, to furnish and deliver as additional rental, to plaintiff and his wife, free of cost to them, sufficient natural gas for heat and light, for use upon the resident premises in said borough of Baden of said plaintiff and his wife, should be construed with reference to the purposes for which the lease was granted by the plaintiff and accepted by the defendant, to wit: for the sole and only purpose of drilling and operating for petroleum oil and gas, and as containing an implied understanding or agreement that when the defendant ceased to obtain petroleum oil and gas from said premises, the said additional rental also ceased; and that it would be inequitable and unjust to compel the defendant to furnish and deliver to the plaintiff and his wife, free of cost to them, natural gas for use upon their residence premises under the covenant hereinbefore mentioned, after the defendant has ceased to obtain petroleum oil or gas from said premises.

4. Affiant denies the plaintiff's allegation that defendant refused and continues to refuse to furnish gas in accordance with the terms of the lease, and avers that the defendant did furnish to the plaintiff and his wife natural gas in compliance with the defendant's covenant aforesaid during the time that the defendant obtained natural gas from the said premises, and further denies plaintiff's allegation that by reason of the failure of the defendant company to comply with the terms of the lease as aforesaid, plaintiff was compelled to purchase his gas, and during the months of November and December, 1899, and January, 1900, expended therefor $30.75, and also denies that plaintiff has sustained damages for said months in the sum of $30.75, as alleged by plaintiff.

5. The defendant and affiant are also advised by counsel that the covenant in the lease upon which this suit is founded was made for the benefit, not only of the plaintiff, but also of his wife, Mary E. Boal, and that the said Mary E. Boal, not having been a party to the suit before the justice of the peace and not being a party to this suit on appeal from the judgment of the justice therein, the plaintiff is not entitled to judgment in this case against the defendant.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Edwin S. Craig* and *Harry Calhoon*, for appellant.

*Arthur E. Barnett*, with him *John M. Buchanan*, for appellee.

OPINION BY RICE, P. J., October 5, 1903 :

This action of assumpsit was brought to recover damages for the breach of a covenant in a lease, for the term of twenty-one years from June 15, 1887, "for the sole and only purpose of drilling and operating for petroleum oil or gas," executed by the plaintiff as lessor and the defendant as lessee.  The lease is set forth at length in the opinion of the learned judge below. We need only refer to a few of its provisions.  The lessee covenanted to deliver in pipe line to the credit of the lessor the one-eighth part of the petroleum oil discovered and produced on the premises ; also "if gas is obtained " to pay to the lessor for each well drilled "one dollar per pound for each pound pressure per annum, payable within sixty days after completion of such well."  The covenant sued upon is at the end of the lease and reads as follows : "As additional rental it is further agreed that said party of the second part shall furnish and deliver free of cost unto the parties of the first part from and after July 1, 1887, and during the term of this lease, sufficient natural gas for heat and light, for use upon the residence premises in said borough of said parties of the first part."  It is averred in the statement of claim, and not denied in the affidavit of defense, that the defendant furnished the plaintiff with gas until November 1, 1899, at which time it was shut off from the plaintiff's residence.  He claims to recover in this suit the amount that he necessarily expended for gas to heat and light his premises, obtained elsewhere, during the three succeeding months.  It is averred in the affidavit of defense that the defendant drilled one well upon the premises and marketed gas produced therefrom until some time prior to October 31, 1899, " when the volume and pressure of the gas in said well decreased to such an extent that the defendant was unable to

obtain any gas from said well, and has never since obtained any gas therefrom, or had any beneficial enjoyment of said premises. The defendant has never discovered or produced any petroleum oil on or out of said premises." The lease contains no forfeiture clause, and no clause as to the number or depth of wells to be drilled or as to the time when operations were to begin, or as to finding oil or gas in paying quantities, and no release, surrender, forfeiture or eviction is alleged. It is to be observed further, that the lease contains no stipulation, and nothing from which it can be implied, that the gas to be furnished to the lessor for use at his residence was to be produced from the leased premises. So that, even if it were averred, which it is not, that the gas upon the leased premises is exhausted, impossibility of performance of the covenant could not be set up as a defense to the present action. As we view the case, the simple question of law raised by the affidavit is, whether it was within the power of the lessee to discharge itself from the obligation of the covenant by ceasing its operations when the production of gas from the single well it drilled ceased. To state the question is to answer it. To hold that the facts set up in the affidavit constitute a defense, we must assume that the parties intended to make the obligation to furnish gas contingent upon the production by the lessee of oil or gas from the leased premises. It is not so written in the lease; nor is such condition, either precedent or subsequent, to be implied from the mere fact that the premises were leased " for the sole and only purpose of drilling and operating for petroleum oil or gas." For aught we know, the mere demise for such purpose with the privileges it conferred may have been deemed by the lessee, and may have been, in fact, an adequate consideration for its covenant to furnish gas from the date mentioned to the end of the term. There is nothing unconscionable in such an agreement, and it would be neither inequitable nor unjust to hold the lessee to it, even after it became unprofitable for the lessee to continue its operations and accordingly discontinued them. The construction contended for by the appellant is not only unsupported by any affirmative language in the lease, but it is negatived by the fact that the lessee was to begin furnishing gas within fifteen days after the lease was executed. Surely the lessee could

not postpone performance of this duty by postponing its operations. Neither could it terminate nor suspend its obligation by ceasing or suspending operations, after drilling a single well and operating it to exhaustion. The case is plainly distinguishable from Williams v. Guffy, 178 Pa. 342, and McConnell v. Lawrence Natural Gas Co., 47 Pitts. Legal Jour. 346, upon which the defendant's counsel chiefly rely.

The name of the plaintiff's wife was inserted in the lease as one of the parties of the first part, but the lease was not executed by her but only by the plaintiff and the defendant. It is alleged in the statement of claim that the lease was from the plaintiff to the defendant, and it is admitted in the affidavit of defense that "the plaintiff did grant unto the defendant company by an instrument of writing commonly known as an oil and gas lease, dated June 15, 1887," etc. By the pleadings, the only parties to the lease under which the defendant went into possession were the plaintiff and defendant. For aught that is alleged, it was executed and delivered without the knowledge of the plaintiff's wife. To hold that she was a necessary party to the action would be to assume, without warrant, that she was a party to the lease. We think the action was properly brought in the name of the lessor.

The affidavit of defense upon the question of damages is ambiguous, to say the least. It is open to the construction that what the defendant intended to deny was, not that the plaintiff was compelled to purchase gas elsewhere and to pay therefor the price stated in the declaration, but only that he was compelled thereto by the defendant's failure to fulfil its covenant. The affidavit seems to be directed to the question of its liability for any damages, rather than to the question of the amount of damages for which it would be liable, if its failure to furnish gas during the months named was a breach of its covenant. But the fact that the defendant did not furnish gas during the months covered by the action being admitted, and it being determined as matter of law that it was bound by its covenant to do so, it follows that the plaintiff was entitled to judgment in the absence of a clear, distinct and unequivocal denial that the gas purchased by the plaintiff was reasonably necessary to heat and light his premises, or that the price paid therefor was reasonable. Where it is not clear whether an

averment of an affidavit of defense is of a fact, or of an inference of law from particular facts, not set forth, it is bad for uncertainty : Superior Nat. Bank v. Stadelman, 153 Pa. 634. We think the averment in question is open to this objection, and must be adjudged insufficient upon that ground.

Judgment affirmed.