# Stead *v.* Randall, Appellant.

*Mortgage—Agreement to extend mortgage—Forfeiture clause—Waiver.*

1. An agreement to extend a mortgage which provided that the principal of the mortgage shall not be demanded "during the extended term if the interest be paid quarter yearly . . . ' and the other terms of the bond and mortgage are duly performed," does not supersede a provision in the mortgage that in case of a default in the payment of interest quarterly within thirty days of the time it became due, the principal debt should become due and payable immediately.

*Affidavit of defense—Sufficiency—Averment of tender—Authority of agent—Interest—Mortgage.*

2. On a scire facias sur mortgage an affidavit of defense is insufficient which avers that the defendant tendered to the attorney for the plaintiff at his office one quarter year's interest upon the bond and mortgage, without any averment as to what was tendered, or as to the authority of the attorney to receive payment.

Argued March 20, 1912. Appeal. No. 101, Jan. T., 1912, by G. Harry Davis, party defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1911, No. 1794, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Hannah A. Stead, Assignee of Hannah A. Stead, Executrix of Estate of James A. Stead, deceased, v. Harry L. Randal and Irene B. Randal, his wife, Mortgagors and G. Harry Davis, Real Owner. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. Edgar Barnes,* with him *J. B. Kinley,* for appellant.

*Wm. B. S. Ferguson,* for appellee.

PER CURIAM, April 8, 1912:

This appeal is from an order making absolute a rule for judgment for want of a sufficient affidavit of defense in a proceeding by scire facias on a mortgage, for default in payment of interest. It was provided in the mortgage that in case of a default in the payment of interest quarterly within thirty days of the time it became due, the principal debt should become due and payable immediately. The grounds of defense set up by the affidavit are (1) that an agreement between the parties extending the time for payment of the principal superseded the clause of forfeiture, and (2) that tender of interest was made within thirty days of the time it became due. The agreement referred to provided that the principal of the mortgage would not be demanded "during the extended term if the interest be paid quarter yearly.....................and the terms of the bond and mortgage are duly performed." The agreement of extension was thus made expressly subject to the terms of the original mortgage.

Whether the tender of interest was in time, it is unnecessary to consider as a good tender was not alleged. The averment is that the defendant tendered to the attorney for the plaintiff at his office one quarter year's interest upon the bond and mortgage. The affidavit is silent as to what was tendered, whether "lawful money" as provided by the mortgage or other kinds of money or check, and also as to the authority of the attorney to receive payment. No offer was made to supplement the

affidavit by setting forth facts from which it could be determined whether there had been a tender good in law and there was nothing before the court but the bald assertion of a conclusion.

The judgment is affirmed.