# Vulcanite Paving Company *v.* Chester Traction Company, Appellant.

*Practice, C. P.—Affidavit of defense—Part admitted to be due—Acts of May 31, 1893, P. L. 185, and July 15, 1897, P. L. 276—Tender.*

1. Where an affidavit of defense, in an action of assumpsit, admits a certain part of the claim to be due, and presents no sufficient defense to another part of the claim, it is regular under the Act of July 15, 1897, P. L. 276, for the court to grant judgment for the aggregate of both portions, with leave to the plaintiff to proceed for the recovery of the balance of the claim as to which the court shall adjudge the affidavit of defense to be sufficient.

2. Where an affidavit of defense admits a certain amount due, but denies liability for interest, because of a tender, and it appears from the averment of the affidavit that the tender was insufficient, and bad for uncertainty, the court will award judgment for the principal of the item admitted and also interest.

Argued Nov. 18, 1912. Appeal, No. 235, Oct. T., 1911, by defendant, from order of C. P. Delaware Co., March T., 1911, No. 296, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Vulcanite Paving Company v. Chester Traction Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the plaintiff entered a rule on defendant for judgment for the portion of plaintiff's claim as to which the affidavit of defense was insufficient, to wit, the sum of $627.50, being the amount which the defendant company admitted should be charged to it, together with interest thereon, with leave to the plaintiff to proceed for the balance of the claim. The court made the rule absolute, and judgment was entered for $814.20 and costs. From this judgment the defendant appealed.

*Error assigned* was the order of the court.

*J. B. Hannum*, for appellant.—The act of 1897 does not apply to a case where the affidavit of defense distinctly admits a certain amount to be due. It was only intended to apply to cases where the affidavit was insufficient, where there was no direct and positive admission, and there was no sufficient defense: Stuckert v. Wedge, 46 Pa. Superior Ct. 140; Reilly v. Daly, 159 Pa. 605; Muir v. Shinn, 2 Pa. Superior Ct. 24; Ganor v. Hinrichs, 2 Pa. Superior Ct. 522.

*Walter Biddle Saul*, with him *Charles Boyd Galloway* and *E. O. Michener*, for appellee, cited: Boal v. Nat. Gas Co., 23 Pa. Superior Ct. 339; International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294.

PER CURIAM, February 27, 1913:

It is argued that, as the affidavit of defense admitted a certain sum to be due, the plaintiff should have proceeded under the Act of May 31, 1893, P. L. 185, and that the Act of July 15, 1897, P. L. 276, was inapplicable. This position is untenable. Where an affidavit of defense, in an action of assumpsit, admits a certain part of the claim to be due, and presents no sufficient defense to another part of the claim, it is regular, under the act of 1897, for the court to grant judgment for the aggregate of both portions, with leave to the plaintiff to proceed for the recovery of the balance of the claim as to which the court shall adjudge the affidavit of defense to be sufficient. Thus, where the plaintiff claims, and prima facie is entitled to, interest on the items of his claim from a certain date, and the affidavit of defense admits some of the items and sets up no sufficient defense to the claim of interest on those items, it is proper for the court to adjudge the affidavit of defense insufficient both as to the aggregate of those items and the interest thereon, and to enter judgment accordingly. Here, the defendant by its affidavit admitted certain items of the claim, aggregating $627.50, but claimed that it was not liable for interest

and costs because it "tendered to the Barber Asphalt Paving Company, successor of the plaintiff company, the said sum of $627.50, being the amount due by the defendant company to the Vulcanite Paving Company," etc. The affidavit was plainly defective in its averment of tender, because, first, it did not set forth the facts necessary to show that it was made to the proper person; secondly, it did not set forth facts as to time and manner from which it could be determined with certainty whether, even if made to the proper person, there had been a tender good in law: Stead v. Randall, 236 Pa. 64. Where it is not clear that an averment of an affidavit of defense is of a fact or of an inference of law from particular facts not set forth, it is bad for uncertainty: Superior National Bank v. Stadelman, 153 Pa. 634; Boal v. Citizens' Natural Gas Co., 23 Pa. Superior Ct. 339; International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294. The averment upon which the defendant relied to prevent the running of interest and liability for costs was open to this objection, and properly was adjudged insufficient upon that ground.

The judgment is affirmed.