## Swartz *v.* Historical Publishing Company, Appellant (No. 1).

*Promissory notes—Affidavit of defense—Usury.*

1. Where it is not clear whether an averment of an affidavit of defense is of a fact or of an inference of law from particular facts not set forth, it is bad for uncertainty.

2. In an action by the indorsee of a promissory note against the indorser, who was the payee named in the note, where the statement of claim avers that the note was duly indorsed by the payee and passed for a good and valuable consideration to the plaintiff before maturity, an affidavit of defense is insufficient which avers that the note in suit was a renewal note, made up to a very large extent of a large amount of usury, without any denial that the note passed to the plaintiff before maturity for a valuable consideration, and without any averment that the plaintiff had any such connection with or notice of the usury alleged to have been charged on the discount of the original note.

Argued Oct. 14, 1913. Appeal, No. 72, Oct. T., 1913, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1912, No. 2,399, making absolute rule for judg-

408  SWARTZ v. HIS. PUB. CO., Appellant (NO. 1).

Statement of Facts—Opinion of the Court.  [55 Pa. Superior Ct.

ment for want of a sufficient affidavit of defense in case of Benjamin Swartz v. Historical Publishing Company. Before Rice, P. J., Henderson, Morrison, Head and Porter, JJ.  Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John Weaver*, for appellant.

*Julius C. Levi*, with him *David Mandell, Jr.*, for appellee.

Per Curiam, December 8, 1913:

This was an action of assumpsit by the indorsee of a promissory note for $481, dated August 23, 1912, and payable four months after date, against the indorser, who was the payee named in the note.  The statement of claim avers that it was duly indorsed by the payee and passed for a good and valuable consideration to the plaintiff before maturity.  The affidavit of defense avers, inter alia, that in December, 1911, Lyon & Slater Company gave to the same payee a note for $962, payable four months after date; that it was taken by one Rodelheim to one Obechaffsky, who discounted it and on the discount charged usurious interest, namely, interest at the rate of upwards of eighteen per cent per annum; that upon its maturity the payee paid the sum of $481 and gave a new note for $481; that at the maturity of the latter in August, 1912, it was renewed by the note in suit; and that the note in suit "is made up, to a very large extent, of a large amount of usury, as set forth above."

Sufficient reference has been made to the averments

of the statement of claim and the affidavit of defense to show that, if the case rested here, the plaintiff is a holder in due course, and holds the instrument free from any defenses available to prior parties to it, or to the prior instrument referred to, among themselves: Act of May 16, 1901, sec. 57, P. L. 194.   It is true there is a further averment in the affidavit of defense that the defendant is informed, believes and expects to be able to prove that Obechaffsky is "the real owner of the note," but there is no specific denial that the note was duly indorsed by the defendant and passed for a good and valuable consideration to the plaintiff before maturity.   Without such denial the facts constituting the alleged ownership of Obechaffsky should have been stated so that the court could judge whether they warranted the legal conclusion sworn to.   The principle is applicable that where it is not clear whether an averment of an affidavit of defense is of a fact or of an inference of law from particular facts not set forth, it is bad for uncertainty: Superior Nat. Bank v. Stadelman, 153 Pa. 634; Boal v. Citizens' Natural Gas Co., 23 Pa. Superior Ct. 339; International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294.   There is another averment that the defendant "has heard rumors that Benjamin Swartz and Benjamin Obechaffsky are one and the same person," but in the same connection the defendant admits that "he has no definite knowledge on this subject"; therefore, the averment has no materiality.

Our conclusion is that the affidavit fails to show that the plaintiff had any such connection with or notice of the usury alleged to have been charged on the discount of the first note as is essential to a valid defense as against him, to the extent of the usury so charged.   Nor is it shown that he had such connection with the prior notes referred to as to make the surrender of them a condition precedent to his right to an unconditional judgment for the amount of the note in suit.

The judgment is affirmed.