# Bair, Appellant, *v.* Jackson.

*Practice, C. P.—Affidavit of defense—Contract.*

1. Where it is not clear whether an averment of an affidavit of defense is of a fact or of an inference of law from particular facts not set forth, it is bad for uncertainty.

2. In an action to recover the cost of a funeral, where it appears that the defendant signed a contract in the shape of a memorandum containing the words "Charge to" (Signature of defendant), "Relation, son," an affidavit of defense is insufficient which avers that the defendant at the time he gave the order was merely acting as the agent of another person named, and that he so stated this to the plaintiff, but gives no particulars as to how the goods were ordered and the circumstances attending the furnishing of them, nor gives any explana-

tion why his name appeared in the contract without any indication of agency, and makes no allegation of fraud, accident or mistake in the matter.

Argued Oct. 21, 1914.  Appeal, No. 127, Oct. T., 1914, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1913, No. 1,653, discharging rule for judgment for want of a sufficient affidavit of defense in case of Oliver H. Bair v. William Jackson.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Reversed.

Assumpsit for cost of a funeral.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Horace Michener Schell*, for appellant.

*H. Roberts*, for appellee, filed no printed brief.

OPINION BY TREXLER, J., February 24, 1915:

The plaintiff sues for merchandise furnished and services rendered upon a written contract alleged to contain defendant's signature, in which contract directions are given in regard to the conducting of the funeral of defendant's mother and a statement of its cost.  The contract is in the shape of a memorandum and one item contains the words, "charge to (signed) William Jackson, relation, son."

The defendant filed an affidavit of defense and a supplemental affidavit.  A careful perusal of both leaves us in the dark as to what the exact nature of the defense is.  At no place does he specifically deny that his name appearing in the memorandum of the plaintiff was not put there by him.  His idea seems to be that the memorandum does not constitute a written contract.

That is a mere inference of law. In his first affidavit he denies that the prices charged for goods furnished and services rendered is fair and reasonable and in his supplemental affidavit he admits that as far as he knows the prices charged are fair and reasonable but that he never agreed to pay for same nor were they furnished in pursuance of any contract made between plaintiff and defendant. He states that at the time the goods were ordered he was merely the agent for Charles Morrison, the husband of Emma Morrison, and that he so stated at the time the goods were ordered and that plaintiff knew the same, but he gives no particulars as to how the goods were ordered and the circumstances attending the furnishing of them. He does not explain why, if he were merely the agent of Charles Morrison, his name should appear in the contract, without any indication of agency. He alleges no fraud, accident or mistake in the matter.

One thing could have easily been done by defendant. He could without evasion have stated the facts as to the matters that transpired between him and the plaintiff in regard to the bill sued upon. This could have been done in a plain, straightforward manner. Instead of doing this we have two affidavits which as stated before, we may read and in vain endeavor to get any clear idea as to what defense the defendant claims to have to plaintiff's claim. The affidavit must be a specific statement of facts: Moore v. Susquehanna Mutual Fire Ins. Co., 196 Pa. 30.

As was said in Superior Nat. Bk. v. Stadelman, 153 Pa. 634, "the affidavit should state the facts specifically and with sufficient detail to enable the court to say whether or not they amount to a defense." Where it is not clear whether an averment of an affidavit of defense is of a fact or of an inference of law from particular facts not set forth, it is bad for uncertainty: Boal v. Citizens' Natural Gas Co., 23 Pa. Superior Ct. 339; Swartz v. His. Pub. Co., 55 Pa. Superior Ct. 407.

The judgment is reversed and the record remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.