## Weiskopf v. Cahan.

*Affidavit of defence—Allowance of supplemental after judgment.*

1. A supplemental affidavit of defence will not be allowed where the court, after argument, has made absolute the rule for judgment for want of a sufficient affidavit of defence, unless by refusing to allow the supplemental injustice may be done.

*Affidavit of defence—Averment of oral agreement affecting writing.*

2. Where the defence to an action on a written instrument is that the instrument was executed under an oral agreement controlling its operation, it should be distinctly averred in the affidavit of defence that the oral agreement was contemporaneous and induced the execution of the written instrument.

*Affidavit of defence—Averments of want of knowledge of essential facts.*

3. An averment in the affidavit of defence that affiant is without sufficient knowledge to deny the corresponding averment in the statement of claim and that the facts are in possession of the plaintiff is insufficient, unless accompanied by a further averment that defendant made demand upon plaintiff for the necessary information and that the demand was refused.

Petition to open judgment and permit defendant to file a supplemental affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1924, No. 7920.

*Wolf, Patterson, Block & Schorr,* for plaintiff.

*Cahan & Sharfsin,* for defendant.

SMITH, J., Sept. 30, 1925.—The defendant, by petition, has asked the court to open a judgment entered by it and permit the defendant to file a supplemental affidavit of defence. A statement of claim was filed on Jan. 25, 1925, based upon an action in *assumpsit* growing out of a written agreement between the defendant and the plaintiff, Samuel C. Weiskopf, and John W. Pickworth, acting in the capacity of engineers for a new building that the defendant was contemplating constructing. To this statement of claim the defendant filed an affidavit of defence on Feb. 20, 1925. A rule being taken for judgment for want of a sufficient affidavit of defence, the court, after argument on March 6, 1925, made the rule absolute on June 2, 1925.

It was not until the rule had been made absolute that the defendant filed his petition asking leave to file a supplemental affidavit of defence. The court does not look with favor upon petitions so filed after the litigant has obtained from the court its views and a determination of the questions involved, unless by refusing to allow a supplemental affidavit an injustice may be done. The averments in the proposed supplemental affidavit of defence would not of themselves change the aspect of this case. There is nothing new offered for consideration.

On the proposition of agency, it needs but an examination of the agreement and the letters between the parties to determine that the defendant may be regarded as a principal. The oral agreement to which reference is made is not averred to have been a contemporaneous oral agreement inducing the execution of the written agreement: Gandy *v.* Weckerly, 220 Pa. 285.

The written agreement was executed by the architect acting for the defendant, and at the bottom of the letter he sent to plaintiff the defendant wrote: "Approved—Louis H. Cahan."

There is nothing in the writing to indicate that the defendant was acting as an agent: Bair *v.* Jackson, 59 Pa. Superior Ct. 126.

That portion of the proposed supplemental affidavit of defence which avers lack of knowledge of the amount of work done by the plaintiff, and further avers that these facts are in the possession of the plaintiff, is not legally sufficient.

VOL. 6—49

Defendant should have averred that he made demand upon the plaintiff for this information, if such was the fact, and that the same was refused him: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Snellenburg v. Levitt, 282 Pa. 65.

The amendments suggested, not being sufficient to perfect the affidavit as an instrument on its merits to justify opening the judgment and permitting the filing of a supplemental affidavit of defence, the court will follow the ruling of Hallowell v. Hoey, 16 Dist. R. 986: "It means that counsel can file any affidavit as an experiment and rely upon the court after argument to instruct them what to do. It would be a premium upon carelessness. We agree that there are cases where additional affidavits have been allowed and even suggested by the court, i. e., where on argument leave to amend is asked or where the facts are insufficiently stated to raise the points to be passed upon. Such cases may again arise, but in a case where on argument the defendant's attention is specifically called to his deficiency, either of law or fact, and he then does not ask for leave to amend, but persists in his contention that his affidavit is sufficient, he should not be allowed the chance of victory, and on defeat be allowed to amend. . . . Having rested his case upon the sufficiency of his affidavit and taken the chance of victory, he is not in a position to complain after judgment."

Motion refused.