Mack Paving Co. *v.* Charles W. Young et ux., Appellants.

166    267
37SC   610

*Contract—Principal and agent—Affidavit of defence.*

In an action against a married woman to recover the cost of paving a footway, plaintiffs averred that the contract was made with defendant's husband, and that defendant had authorized her husband to make the contract. Defendant in her affidavit of defence averred that she had never employed or authorized any person to employ plaintiff to do a certain item of work for which payment was claimed in plaintiff's statement; that the work was not done in a proper way nor in accordance with the directions; that plaintiffs in doing the work did more than twenty per cent more work than they were ordered and employed to do, which was unnecessary, and for which defendant claims a credit herein; that a part of the work done was not in accordance with the proper grade of the city regulations, and would have to be taken up and re-laid; that defendant was entitled to set off the cost of relaying the pavement. Defendant did not give any figures to fix the amount claimed. *Held,* that the affidavit of defence was insufficient to prevent judgment.

Argued Jan. 16, 1895. Appeal, No. 81, July T., 1894, by defendant, from order of C. P. No. 2, March T., 1894, No. 421, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for paving footway.

Plaintiffs' statement was as follows:

" Plaintiffs claim to recover the sum of $114.30, with interest from April 22, 1893, being the amount due by defendant to

plaintiffs for work and labor done and performed, and material furnished, in repaving footway in front of premises 410 and 412 South Front street, and resetting curb in front of same, and which said work and material were as follows:

| | | |
|---|---|---|
| 45.13 square yards of block pavement, with pebble and pitch cemented joints, . $2 00 | | $90 26 |
| 38.4 square yards of repaving old block pavement, . . . . . . . 50 | | 19 20 |
| 24 feet 2 inches of curb reset, . . . 20 | | 4 84 |

$114 30

" Plaintiffs aver that the said Irene M. Young is the owner of the said premises, 410 and 412 South Front street; that she authorized Charles W. Young, her husband, as her agent, to contract with the plaintiffs to do the said work and furnish the said materials as set forth, and that the said Charles W. Young, acting as agent for the said Irene M. Young, and by her authorized and at her instance and request, did employ said plaintiffs to do the said work and furnish the said materials, and at the time the said work was done and materials furnished, the said Charles W. Young did not disclose to plaintiffs that he was acting as the agent for the said Irene M. Young, his wife. Plaintiffs aver that the said work, as done and the materials as furnished, were necessary work and material done and furnished to and for the repair and improvement of the separate estate of the said Irene M. Young, and that the whole amount of the said claim, with interest from April 22, 1893, is justly due and payable to plaintiffs."

Defendant in her affidavit of defence averred:

"That deponent never employed or authorized any other person to employ the plaintiff to do the work, 38.4 square yards repaving old block paving, $ .50—$19.20, mentioned in plaintiffs' statement, and is not indebted to the plaintiffs for the same.

" That the work done in the paving with pebble and pitch was not done in a proper way nor in accordance with the directions given to the plaintiffs to do said work. That the plaintiffs, in doing this work, did more than twenty per cent more work than they were ordered, directed and employed to do, which was unnecessary and for which the defendant claims a credit herein. That a part of the work done in the laying of said

blocks was improperly done, not being laid according to the proper grade of the city regulations and the survey department of the city and that part must be taken up and relaid. The cost of which the defendant is entitled to set-off in this case.".

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*DeForrest Ballou*, for appellant.

*E. O. Michener*, for appellee, presented no oral argument.

PER CURIAM, Jan. 28, 1895:

The court was quite right in holding that the affidavit of defence was insufficient to carry the case to the jury. Judgment was rightly entered in favor of the plaintiff company, and there appears to be no reason for disturbing it.

Judgment affirmed.