# Fish v. Barr, Appellant.

*Affidavit of defense—Contract—Insufficient affidavit.*

In an action to recover the price of certain bales of yarn, the plaintiff in his statement averred that the defendant procured the yarn under an agreement to sort it, when the price would be fixed and paid, or the yarn immediately returned. It was also averred that the yarn was not paid · for, or returned as agreed. The defendant filed an affidavit of defense in which he did not deny the statement as to the manner in which he procured the yarn, but claimed that he was " to pay two thirds of the then market price of new yarn." He did not state what the market price of new yarn then was, nor did he say what quantity he received or its value, or what quantity he delivered to, or was then in the possession of certain commission merchants whom he named as having received some of the yarn, nor was any quantity, price, grade or quality given in the affidavit. *Held* that the affidavit of defense was insufficient.

Argued Dec. 12, 1902. Appeal, No. 198, Oct. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1902, No. 1949, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of James Fish v. Daniel M. Barr. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a contract.

Plaintiff in his statement of claim after setting forth the value of four bales of yarn delivered by defendant averred that on September 23, 1899, the said Daniel M. Barr secured possession of the said five bales of mixed yarn under an agreement that he would sort out the same, and then, on the following Monday, the said plaintiff and defendant would agree upon a price, and that he, the said defendant, would pay it, and that failing to so agree upon a price, that the said defendant would immediately return the said yarn to the said plaintiff.

That on the following Monday he called upon the defendant and was informed that the work of sorting had not been completed, but on the next day the work would be finished and the agreement made, and the price paid as hereinbefore set out or the yarn returned.

That on the next day when the said plaintiff called at said de-

fendant's place of business he was unable to find him and the yarn had disappeared.

Defendant filed an affidavit of defense and a supplemental affidavit of defense.   In the latter paper he averred:

That deponent did agree to purchase said yarn, which was not new yarn but mixed seconds, upon the express agreement that he should pay the plaintiff two thirds of the then market price of new yarn, which was the same price at which he had bought another lot of yarn from the plaintiff shortly before this transaction.

When the yarn was received by this deponent he found it was in such a condition that he could only use a part of it.   That it all had to be sorted, and he then sent the balance to Schell, Taylor & Longstreth, a commission firm, in order to get a better price therefor.   Shortly afterwards the plaintiff called and made a demand for his yarn.   Deponent then sent him an order on Schell, Taylor & Longstreth for the yarn they held, and requested a bill for the difference or the yarn retained by deponent, and the plaintiff on receiving said order went to Schell, Taylor & Longstreth's, saw his yarn there, but refused to take it, saying he wanted the money and not the yarn, and never sent any bill to this deponent for any of said yarn.

Deponent then attempted to have the yarn delivered to the plaintiff in accordance with the plaintiff's agreement and statement that if a price could not be agreed upon the yarn should be returned to the plaintiff, and he accordingly sent the Kensington Express the following orders, to wit:

"PHILADELPHIA, Nov. 24, 1899.
" KENSINGTON EXPRESS :

" Please call at Schell, Taylor & Longstreth's, 230 Chestnut Street, and present order herewith for some bundles of gray yarn to be delivered by you to James Fish, 1810 Letterly Street, for our account, being sure to get his receipt for same.

"D. M. BARR."

"PHILADELPHIA, Nov. 24, 1899.
" SCHELL, TAYLOR & LONGSTRETH :

" Please deliver to bearer, (Kensington Express) the lots of gray yarn you received from us and for which we gave James Fish an order some time ago to get from you, but which he

failed to remove. The Kensington Express will deliver the yarn to him. Please hold all moneys received for what you sold for the present.

"Yours truly,

"D. M. BARR.

"Send us weights of yarn returned."

Upon presentation of this order, Schell, Taylor & Longstreth refused to deliver the said yarn to the Kensington Express, stating they had already received notice it was Fish's yarn and was to be delivered at Fish's order, and they could not recognize any one else.

Deponent therefore denies any liability to pay for the yarn unused at Schell, Taylor & Longstreth's which is worth $61.19, first, because the plaintiff would not accept the price deponent agreed to pay him therefor ; and secondly, because plaintiff refused to accept the yarn back even after he had made demand that it be returned, but deponent states the plaintiff can get his yarn fron Schell, Taylor & Longstreth any time he calls therefor.

Deponent further denies liability on this unused yarn for the reason that the plaintiff himself sets forth in his statement that the yarn was to be returned if the price could not be agreed upon, and deponent has offered to do this, but the plaintiff has failed to keep his own agreement.

Deponent is ready and willing to pay the plaintiff $52.32 for the yarn used by him, and is also willing and ready to gave an order to Schell, Taylor & Longstreth to pay to the plaintiff the sum of $69.57, the full proceeds of the yarn sold by them, and which money this deponent has never had.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Morton Z. Paul*, for appellant.

*Michael J. Ryan*, for appellee.

OPINION BY SMITH, J., January 20, 1903 :

The plaintiff in his statement demands of the defendant $287.76, the value of five bales of mixed yarn, weighing 1,308 pounds, at the rate of twenty-two cents per pound, which he

says the defendant procured under an agreement to sort it, when the price would be fixed and paid, or the yarn immediately returned. It is also averred that the yarn was not paid for or returned as agreed. After a supplemental affidavit was allowed, judgment was entered for want of a sufficient affidavit of defense, whereupon this appeal was taken.

The defendant does not deny the plaintiff's statement as to the manner in which the yarn was procured, or that he received five bales weighing 1,308 pounds, but claims that he was "to pay two thirds of the then market price of new yarn." He does not state what the market price of new yarn then was, nor does he say what quantity he received or its value, or what quantity he delivered to, or is now in the possession of, the commission merchants, Schell, Taylor and Longstreth, nor is any quantity, price, grade or quality given in the affidavit. While averring "a just and complete defense to the whole of the plaintiff's claim," we are unable to ascertain from the affidavit its nature or extent. The material facts of this simple business transaction seem to have been evaded in the affidavit, at least no facts or standard is given from which a certain defense may be deduced. This is essential and cannot be dispensed with: Jenkinson v. Hilands, 146 Pa. 380; Galena Mining & Smelting Co. v. Frazier, 20 Pa. Superior Ct. 394. The defendant having failed in these particulars, he should not expect a court or jury to supply them for him.

Judgment affirmed.