## Sprissler *v.* McFetridge, Appellant.

*Affidavit of defense—Practice, C. P.—Insufficiency of—Omission of essential facts—Physician's claim—Set-off.*

An affidavit of defense should set forth fully and fairly facts sufficient to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasion in the mode of statement, it will be insufficient to prevent judgment.

In an action by a physician to recover for attendance, where the statement set forth the exact number and the dates of visits and the charge for each visit, an affidavit of defense is insufficient which does not deny that visits had been made on every day specified, but avers that the defendant is uncertain as to the number of days upon which the

plaintiff made two visits, and is unwilling to fix that number, and also avers that the charges were excessive, unfair and unwarranted. In such a case the defendant should explicitly aver in order to prevent judgment that the number of visits charged were not made, and state how many visits were made, or fix upon a number which she was willing to swear had not been exceeded; and as to the alleged excessive charge distinctly aver that fact, and state what rate had been agreed upon, or, in the absence of any agreement, the usual and ordinary rate for such services.

The averments of the set-off in an affidavit of defense must be with the same clearness and particularity that are required of the plaintiff in his statement.

Argued Oct. 22, 1908. Appeal, No. 125, Oct. T., 1908, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1908, No. 3,059, making absolute rule for judgment for want of a sufficient affidavit of defense. in case of Oscar Sprissler v. Elizabeth McFetridge. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for medical services.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense for part of plaintiff's claim.

*Wm. B. Crawford*, with him *Julius C. Levi*, for appellant, cited: Lord v. Ocean Bank, 20 Pa. 384; H. O. Co. v. Powell, 9 Del. County Rep. 412; Langfield v. Lyon, 132 Pa. 441; Moore v. Smith, 81 Pa. 182; Hydraulic Works v. Peto, 1 W. N. C. 42; Betz v. Shepperson, 8 Atl. Repr. 175; Stewart v. Coulter, 12 S. & R. 252; Riley v. Eigo, 1 Pa. Superior Ct. 139; Lawrence v. Smedley, 6 W. N. C. 42.

*Geo. W. Harkins, Jr.,* with him *Regnault Johnson*, for appellee, cited: Erie City v. Butler, 120 Pa. 374; Ogden v. Beatty, 137 Pa. 197; Paving Co. v. Young, 166 Pa. 267; Lord v. Ocean

Bank, 20 Pa. 384; Moore v. Smith, 81 Pa. 182; Andrews v. Packing Co., 206 Pa. 370; Griel v. Buckius, 114 Pa. 187; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Riley v. Eigo, 1 Pa. Superior Ct. 139.

OPINION BY PORTER, J., December 14, 1908:

The plaintiff brought this action to recover of the defendant for medical attendance and filed a statement showing the exact number and dates of visits and the charge for each visit. The defendant filed an affidavit of defense averring, among other things, that during a part of the period for which the charges were made her husband was living, and that the services were rendered at his request and upon his account; and that on no occasion did the plaintiff make more than two visits a day. The plaintiff took a rule for judgment for that part of the claim to which the affidavit of defense was insufficient. The court below held the affidavit of defense to be sufficient as to the charges for services rendered during the lifetime of the husband and as to all charges for over two visits a day, and as to the balance of the claim held the affidavit of defense to be insufficient and entered judgment in favor of the plaintiff in the sum of $373. The defendant appeals.

It is not necessary to quote the affidavit of defense at length, for the two questions which it presents for consideration are fairly stated in the brief presented by the counsel of appellant. "1. Is the averment that the charges are excessive, and the accounts are padded, followed by the allegation that the appellant is unable to specify the exact number of visits made, sufficient to prevent judgment being rendered against the appellant for any sum?    2. Did the affidavit aver sufficient facts to entitle the defendant to set off against the claim of the plaintiff a debt due from the plaintiff to Samuel L. McFetridge, a son of the defendant?"

An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasion in the mode of statement, it will be insufficient to prevent judgment. The affidavit in the present case admitted

that the plaintiff had attended the defendant as a medical practitioner during the period in question, and did not deny that he made visits upon every day specified in the claim. The most that it can be held to aver, as to the number of visits, is that the defendant is uncertain as to the number of days upon which the plaintiff made two visits, and is unwilling definitely to fix that number. The allegation that the charges are excessive, unfair and unwarranted is not sufficiently definite. If the defendant intended to deny that the number of visits charged for were made, she ought to have explicitly averred that fact and stated how many visits were made, or fixed upon a number which she was willing to swear had not been exceeded. If the defendant by her allegation that the claim was excessive meant that the rate at which the visits were charged for was too high, she should have distinctly averred that fact and stated what rate had been agreed upon, or, in the absence of any agreement, the usual and ordinary rate for such services. The allegation of a direct defense, as to the part of the claim for which the court below entered judgment, was too vague and indefinite to warrant us in reversing the action of the court below: Erie City v. Butler, 120 Pa. 374; Ogden v. Beatty, 137 Pa. 197; Paving Company v. Young, 166 Pa. 267; Griel v. Buckius, 114 Pa. 187; Fish v. Barr, 22 Pa. Superior Ct. 131.

The allegation of a set-off was wholly insufficient. The affidavit averred, in substance, that the plaintiff and Samuel L. McFetridge, the son of the defendant, had, in March, 1904, agreed that any amount due the plaintiff for attendance upon the defendant, should be subject to the set-off of any indebtedness of the plaintiff to Samuel L. McFetridge, "who was associated with the plaintiff in a business known as the American Gas Heated Iron, in which there was to be advanced by the said Samuel L. McFetridge, sufficient capital to exploit an invention for a gas heated iron, without calling upon the plaintiff for any contribution. As a result of this agreement entered into between the plaintiff and the son of the defendant, there is due the said son the sum of $957.82." It is not necessary to consider the question whether this defendant

could, in the absence of any undertaking on her part to pay to her son, upon account of his claim against the plaintiff the amount for which she was indebted to the plaintiff for services, avail herself of the contract between the plaintiff and her son, as a defense to this action. Even if this defendant had herself made the contract which the affidavit avers her son made with the plaintiff, the claim which she avers arose out of that contract and which she now seeks to set-off is not sufficiently stated. The averments of a set-off must be set forth by the defendant in her affidavit with the same clearness and particularity that are required of a plaintiff in his statement: Appleby v. Barrett, 28 Pa. Superior Ct. 349. The contract which the affidavit avers was entered into in March, 1904, did not by its terms make the plaintiff a debtor of Samuel L. McFetridge for any sum, and if the plaintiff ever became so indebted it was because of something done under the contract. If Samuel L. McFetridge advanced money under the contract, the affidavit should have stated how and when such money was advanced, or if the business to which the contract related had been settled and it had been found upon such settlement that there was a balance due from the plaintiff to Samuel L. McFetridge, the facts sufficient to charge the plaintiff as a debtor should have been stated.

The judgment is affirmed.