# Mathers *v.* Verna, Appellant.

*Affidavit of defense—Sale—Deliveries of coal.*

In an action to recover on a book account for coal sold and delivered at various times, an affidavit of defense is insufficient which avers an average shortage on each ton determined by the weighing of various deliveries, without specifying the number, dates and weights of deliveries that the defendant alleged he weighed.

Argued Oct. 5, 1911.   Appeal, No. 4, Oct. T., 1911, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1910, No. 485, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Estate of Joseph W. Mathers and Frank F. Mathers, trading as J. W. Mathers & Sons, v. Luigi Verna, Sr.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit on book accounts for coal sold and delivered.

The statement of claim showed thirty-three deliveries on various dates for several months of one or two tons each.

The defendant in his affidavit of defense averred, inter alia, as follows:

Deponent says that he frequently complained to the agent of the plaintiff who delivered the coal of shortness and deficiency of measure, and that he actually weighed a number of the pounds of coal delivered as a ton which is the shipments of coal and found that instead of 2,240 legal measure of a ton, but on an average of 1,535, and that he is advised and believes and expects to be able to prove that all the deliveries as mentioned in plaintiffs' statement were short in weight, the average being 705 pounds to the ton, making a total shortage of eighteen and two hundred and twenty-five four hundred and forty-eighths tons or an overcharge of $81.41 on the alleged amount due of a total of $253.95, not taking account of the credits given

in plaintiffs' statement.  The said charge is made against the defendant for coal which defendant never received.

Deponent further says, that he is advised that he is entitled to 2,240 pounds of coal to the ton for all coal purchased by him from said plaintiffs, and he believes and avers and expects to be able to prove at the trial of this cause that he was charged for coal at the rate of 2,240 pounds to the ton and did not receive more than 1,535 pounds to the ton.

The court in an opinion by AUDENRIED, J., made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Jos. C. Heulings,* for appellant.

*Allen S. Morgan,* with him *James Gay Gordon, Jr.,* for appellees.

PER CURIAM, November 13, 1911:

"An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasion in the mode of statement, it will be insufficient to prevent judgment:" Sprissler v. McFetridge, 37 Pa. Superior Ct. 607.  This well settled principle is applicable to the present case, as is clearly shown by the opinion of the learned judge of the common pleas.

1. Presumably, in the absence of averment to the contrary, it was within the power of the defendant to specify the number, dates and weights of the deliveries of coal that he alleges he weighed.  Failing to do this, his affidavit is fatally defective so far as it sets up a defense as to any particular deliveries.

2. It is apparent that the averment that all of the deliveries mentioned in the statement of claim were short in

weight an average of 705 pounds to the ton, is a mere inference drawn by the defendant from the average shortage that he alleges he found in the unspecified number of deliveries that he weighed. But the discrepancies discovered might have been so few in number and so far separated in time as to be wholly insufficient to warrant the inference asserted. In order to determine whether there was sufficient ground for probable inference that the same average shortage of weight extended over thirty-three separate deliveries that was found in the deliveries that were weighed, the number and dates of such deliveries should have been specified, being matters peculiarly within the defendant's knowledge. The facts that ought to have been stated with certainty are not so stated, and therefore the court was right in adjudging the affidavit insufficient.

The judgment is affirmed.