# Mutual Union Brewing Company *v.* Dithrich, Appellant.

*Affidavit of defense—Set-off—Sale of beer—Practice, C. P.*

1. In an action by a brewing company against a wholesale liquor dealer to recover the price of beer sold and delivered during one month, an affidavit of defense is sufficient which avers that the defendant had purchased beer from the plaintiff for one whole year including the month in question, that during the year the plaintiff had delivered a number of barrels stated, all of which were of uniform size, that during the month in question the defendant had weighed a number of barrels and found that each was short two gallons; that each gallon was worth a price stated, and that the amount of the deficiency should be set off pro tanto against the plaintiff's claim.

*Custom—Invalid custom—Liquor business—Continuance of agency.*

2. There can be no valid custom of the liquor business in the absence of a contract to that effect, which requires a brewery to continue the agency of a wholesale liquor dealer so long as the agency is satisfactory to the retail trade.

Argued April 17, 1913. Appeal, No. 4, April T., 1913, by defendant, from order of C. P. Allegheny Co., Fourth Term, 1911, No. 26, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mutual Union Brewing Company v. W. J. Dithrich. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit to recover $507.99 for beer sold and delivered. Before SHAFER, J.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. T. Tredway*, with him *W. H. Dithrich*, for appellant.

*J. E. B. Cunningham,* with him *Blakeley & Calvert* and *Donald Thompson,* for appellee.

OPINION BY PORTER, J., October 13, 1913:

This is an action of assumpsit, brought to recover the balance alleged to be due upon an account for beer sold and delivered by the plaintiff to the defendant. The court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals from that order. The plaintiff is a brewing company and the defendant a wholesale liquor dealer. The statement and affidavit of defense disclosed that the plaintiff had been selling beer to the defendant for about a year, from May 1, 1910, to May 1, 1911, and all of the beer had been paid for which had been furnished prior to April 1, 1911. The affidavit of defense averred that in the course of those dealings the defendant had bought of the plaintiff 1,174 barrels of beer; that on March 25, 1911, "the defendant had occasion to bottle a barrel of plaintiff's goods, and thereby discovered a shortage of two gallons therein. That subsequent thereto from time to time the defendant weighed barrel after barrel of plaintiff's goods and thereby discovered that each of the barrels shipped to the said defendant was short two gallons, or thereabout on the quantity of beer contained therein. . . . Wherefore, the defendant is entitled to a credit on the amount claimed by said plaintiff of $352.20, on account of the shortage of two gallons on each of the 1,174 barrels purchased from the plaintiff during the years 1910 and 11." The defendant sufficiently averred that the price of the beer was fifteen cents a gallon. This original affidavit did not sufficiently aver facts which would entitle the defendant to credit for shortage in beer purchased to the amount stated, or to any definite amount. It averred that the barrels which the defendant had measured and weighed were short, but it did not aver that all the barrels were short, or what number

were short: Mathers v. Verna, 48 Pa. Superior Ct. 302.

The defendant filed a supplemental affidavit of defense which contained the following averments: "That the barrels of beer sold by plaintiff to the defendant were to be the usual and customary and legal barrels, or barrels containing 31½ gallons, in accordance with the usages of trade in said business, and the measure required by law for the sale of such goods. That each of the barrels delivered during the year, in all 1,174, were of the same identical size and contained the same identical quantity as those measured and weighed by the defendant and each was short in quantity as set forth in defendant's affidavit of defense, and that the defendant was injured and damaged in the said shipments by the amount set forth in the said defendant's affidavit of defense." The averments of the affidavit and supplemental affidavit of defense, taken together, sufficiently averred that the defendant had measured and weighed a number of barrels and that each barrel weighed or measured held two gallons less than the quantity required by the contract and contemplated by the parties, and that each of the 1,174 barrels delivered during the year were of the same identical size and contained the same identical quantity as those measured and weighed. The defendant may have difficulty in proving that the barrels were all of precisely the same size and contained the same quantity, but we must for the purposes of this case assume his affidavits to be true; he having assumed the responsibility of explicitly averring the facts. It must, therefore, be considered as established that the plaintiff has in these transactions charged the defendant upon each one of the 1,174 barrels of beer for two more gallons of beer than the barrel contained, and at the rate of fifteen cents per gallon. All the facts necessary to determine the exact amount of the overcharge are distinctly alleged, and if the allegations are true the defendant could maintain an action

to recover the amount, and he may set it off against the claim of the plaintiff in this action. We are of opinion that this averment of a set-off, to the amount of $352.20, is sufficiently stated in the affidavits filed.

The conclusion of the court below as to the averment of the affidavit of defense of a right to damages arising out of the cancellation by the plaintiff of the alleged authority of the defendant to represent it in the sale of goods was clearly correct. The relation of the parties disclosed by the affidavit of defense was founded in contract, and was one which either of the parties had a right to terminate at any time. The plaintiff had not employed the defendant for any period, nor had it agreed to supply him such goods as he might require during any time. The defendant was at any time perfectly free to buy his goods wherever he might see fit, and he owed the plaintiff no service. There can be no valid custom of the liquor business, in the absence of a contract to that effect, which requires a brewery to continue the agency of a wholesale liquor dealer so long as the agency is satisfactory to the retail trade. The rule for judgment for want of a sufficient affidavit of defense was general, for the whole amount of plaintiff's claim and, as we have held that the affidavits were sufficient as to a part of the claim, the specifications of error must be sustained.

The judgment is reversed with a procedendo.