Peter E. Smith, Appellant, *v.* Harry Stevenson, Horace B. Stevenson and Abraham C. Stevenson, trading as Stevenson Brothers.

*Affidavit of defense—Practice—Contract—Statute of frauds.*

Where an affidavit of defense in an action for work done and material furnished for a building alleges, that plaintiff agreed to accept as part payment a certain house and lot described in the affidavit and that, according to agreement, the defendants tendered the plaintiff a deed for the property, the proper inference from the mere averment must be that it was a valid agreement, and, therefore, the affidavit is sufficient without stating whether the agreement was in writing or verbal.

Submitted Jan. 12, 1899. Appeal, No. 277, Jan. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. County, Jan. T., 1898, No. 277, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for plastering and furnishing the material for fifty-two houses.

Defendants filed the following affidavit of defense:

It is true that plaintiff submitted to defendants the bid of October 1, 1896, set out in his statement of claim, in which he agreed to do the plastering and furnish the materials for fifty-two two-story houses situate at Thirty-second and three quarter and Cumberland streets. Said bid was accepted by the defendants, plaintiff agreeing, however, to take in part payment thereof a property situate on the west side of Thirty-second and three quarter street, at the distance of forty-two feet six inches northward from the north side of Cumberland street, front fourteen feet, depth fifty feet to a three feet wide alley, with the privilege thereof, for the sum of $1,000, subject to a mortgage of $1,300, as part payment for the work therein provided to be done. The plaintiff did the work provided by his agreement, and has been paid therefor in full except the sum of $1,034.80 claimed for in this suit. One thousand dollars thereof was the amount to be received by him in the property above described as part payment for the work thus to be performed by him. After said work was done defendants learned that he had not paid for the materials which were furnished in said operation, and one John H. Harner claimed to have a lien for materials furnished to plaintiff, and notified the defendants that he would hold the properties liable for the amount of his claim. Defendants notified plaintiff thereof, and stated to him that as soon as the claims which were liens upon the property were gotten out of the way they would execute and deliver to him the deed for the property above referred to, to be received by him in part payment for his work. To this plaintiff assented; and it was not until the 6th day of June, after this suit was brought, that defendants received notice that the claim thus made by John H. Harner had in fact been settled with him, and they thereupon at once prepared and executed a deed for the said property to the plaintiff, and on June 16, 1898, deponent took the same to plaintiff's house for the purpose of tendering it to him, but plaintiff being sick in bed and unable to see him, the tender could not be made effectual by an actual offer of it to him personally. But the members of his family then present, including his wife and nephew, were told that the deed was there ready

for delivery if the plaintiff was capable of receiving it. Defendants thereupon, on June 17, 1898, tendered the said deed, in accordance with said agreement, to A. S. L. Shields, Esq., counsel of record for plaintiff, at his office in the Betz building, in the city of Philadelphia, and the same is now deposited with their counsel, Alex. Simpson, Jr., for delivery to the plaintiff or into the custody of the court, as the plaintiff shall elect or the court shall decree. Wherefore they claim that as to the $1,000 of plaintiff's claim in this suit under the facts aforesaid, there can be no recovery. All of which facts deponent avers are true, and defendants expect to be able to prove them on the trial of the cause.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*A. S. L. Shields*, for appellant, cited in his printed brief: McClintock v. Oil Co., 146 Pa. 144; Soles v. Hickman, 20 Pa. 180; Mellon v. Davison, 123 Pa. 298; Bodine v. Glading, 21 Pa. 50; Ballou v. March, 133 Pa. 64; Hammer v. McEldowney, 46 Pa. 334; Sands, Herdic & Co. v. Arthur, 84 Pa. 479; Wilson v. Clarke, 1 W. & S. 554; Ellet v. Paxson, 2 W. & S. 418; Meason v. Kaine, 63 Pa. 335; Loughery v. Dobson, 5 W. N. C. 535; Conrade v. O'Brien, 1 Pa. Superior Ct. 104; Derr v. Ackerman, 182 Pa. 591.

*Emanuel Furth*, for appellees, made no oral argument, but cited in his printed brief: Conrade v. O'Brien, 1 Pa. Superior Ct. 106; Loughery v. Dobson, 5 W. N. C. 536; Sands, Herdic & Co. v. Arthur, 84 Pa. 481.

OPINION BY MR. JUSTICE GREEN, February 15, 1899:

Against the plaintiff's claim the affidavit of defense alleges an agreement by the plaintiff with the defendants to take as part payment a certain house and lot described in the affidavit. The affidavit further alleges the preparation and tender of a deed for the premises in part payment of the plaintiff's claim. There is no averment as to the character of the agreement, whether in writing or verbal, but it is specifically alleged that

the plaintiff positively agreed to accept the property in part payment. We cannot know whether the agreement was in writing or in parol, but in order to exclude it from the consideration of the jury we would be bound to infer that it was a verbal agreement, and that there were no circumstances which could or might suffice to take it out of the operation of the statute of frauds. We are not at liberty to make either inference for the purposes of the present contention. The affidavit alleges an agreement, and a subsequent performance of the agreement on the part of the defendants. We cannot assume that the defendants allege an illegal agreement. The proper inference from the bare averment must be that it was a valid agreement, especially as it is followed by an allegation of performance of its terms by the defendants. Of course we cannot consider the merits of the case at this stage, nor can we consider any particular offer of evidence in connection with this subject, as nothing of that kind is, or can be, before us now. It is enough to know that the affidavit alleges matters of fact which we must presume to be true in the proper legal sense. As the making of an agreement is a matter of fact, it must be determined by a jury. We decide no question now except that the affidavit contains enough on its face to carry the case to the jury. Especially we do not decide any question of evidence, or of the sufficiency of evidence which may be offered on the trial. All such questions must be determined when they arise and upon all the aspects which they may present.

Judgment affirmed.