Caven-Williamson Ammonia Company, Incorporated, *v.* Ice Manufacturing Company, Appellant.

*Affidavit of defense—Set-off—Promissory note—Protest—Assignments.*

Every matter of defense presented in an affidavit of defense must be set forth specifically, and with such detail as to show, clearly and definitely its relation to the plaintiff's claim. Nothing must be left to inference and what is not stated must be regarded as not existing. The force of this unbending rule of practice is not changed when the defendant interposes a set-off to the plaintiff's claim. In the assertion of such a defense the defendant becomes the actor and in respect to it he has the affirmation of the issue, and he must aver it in terms incapable of being misunderstood.

Where an affidavit of defense sets up as a defense the liability of the plaintiff as indorser on a promissory note, an averment that "the note was not paid at the maturity thereof by the maker, although due and legal notice of protest was made upon the maturity of said note of which protest and nonpayment the said plaintiff had due and legal notice," is not a sufficient averment of presentation and demand at maturity and notice of nonpayment.

An averment in an affidavit of defense of an assignment of a claim of an amount stated against the plaintiff that was due and owing to the assignor at the time of the assignment and is still due and payable to defendant as such assignee, without giving any further particulars is vague and uncertain as to its source and character and the relation of the assignor to the plaintiff. Such an averment is insufficient to prevent judgment.

Argued Oct. 21, 1904. Appeal, No. 140, Oct. T., 1904, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1904, No. 1951, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Caven-Williamson Ammonia Co., Incorporated, v. Ice Manufacturing Company of Germantown. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The affidavit of defense was as follows:

It is true that the plaintiff company sold and delivered to the defendant the goods set forth in plaintiff's statement of claim and more particularly in exhibit "A," attached thereto. Defendant, however, avers that they have an offset to the said sum of $306.77 claimed to be due to the plaintiff, by reason of the assignment to defendant company on December 18, 1903, by Arthur Freeston, of a certain note for $150 made by the Lansdale Ice Manufacturing Company, on July 11, 1903, to the order of said Arthur Freeston, a copy of the said assignment by the said Arthur Freeston to the defendant company is hereto attached as part hereof and marked exhibit "B." And also by reason of the assignment on September 30, 1903, by the said Arthur Freeston, to wit: a claim of $184 against the said plaintiff company, a copy of the said assignment of the said Arthur Freeston to the defendant company is hereto attached as part hereof, and marked exhibit "C."

Defendant avers that the above mentioned note, drawn to the order of Arthur Freeston, was indorsed and delivered to

the said Caven-Williamson Ammonia Company by the said Arthur Freeston and by the said Caven-Williamson Company was indorsed and delivered to the said Arthur Freeston, who indorsed and delivered the said note under the terms of the above-mentioned assignment, to the said defendant, Ice Manufacturing Company of Germantown. That the said note was not paid at the maturity thereof by the maker, although due and legal notice of protest was made (given) upon the maturity of the said note, of which protest and nonpayment the said Caven-Williamson Ammonia Company had due and legal notice. That by reason of having indorsed and delivered the said note, the said Caven-Williamson Ammonia Company is liable to the subsequent holders thereof as an indorser, which liability to plaintiff is hereby asserted as against the claim set forth in plaintiff's statement of claim.

Defendant further avers that the sum of $184 assigned to defendant, was due and owing to Arthur Freeston at the time of the said assignment, and is still due and payable to defendant as assignee of the said Arthur Freeston. A copy of the above mentioned note with indorsements thereon is attached hereto and marked exhibit "A."

" EXHIBIT ' A.'

"$150.00.              LANSDALE, PA., July 11th, 1903.

" Four months after date we promise to pay to the order of Arthur Freeston, One hundred and fifty dollars without defalcation. Value received at First National Bank, Lansdale.

"No.....Due....

" LANSDALE ICE MANFG. CO.,
" T. ROBERTS BRIGHT, Treas.

" O. W. STAGER,
" Chairman Exec. Com.

" ENDORSEMENTS.

" ARTHUR FREESTON,
" CAVEN-WILLIAMSON AMMONIA CO.,
" ARTHUR FREESTON, Pres.
" ARTHUR FREESTON, per WM. E. FREESTON, Atty."

" EXHIBIT ' C.'

" Know all men by these presents, that I, Arthur Freeston, of Germantown, in the city of Philadelphia, for and in con-

384 CAVEN-WILLIAMSON CO., INC., *v.* ICE CO., Appellant.

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

sideration of the sum of One hundred and eighty-four dollars ($184), do hereby assign, transfer, and set over unto the Ice Manufacturing Company of Germantown, a corporation of the State of Pennsylvania, its successors and assigns, all my right, title, interest and claim in the sum of One hundred and eighty-four dollars ($184) due me by the Caven-Williamson Ammonia Company, Incorporated, on the 30th day of September, A. D. 1903.

"In witness whereof, I have hereunto set my hand and seal this 30th day of September, 1903.

"ARTHUR FREESTON.   [SEAL.]

"Witnesses present:—

"WM. E. FREESTON,
"FRANK VAUGHAN."

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alfred N. Keim*, with him *Carroll R. Williams*, for appellant.

*William P. Davis, Jr.*, with him *Samuel W. Cooper*, for appellee.

OPINION BY ORLADY, J., March 14, 1905 :

It has been decided by the Supreme and this court a number of times that one of the rules most inflexibly held respecting affidavits of defense is that every matter of defense presented must be set forth specifically, and with such detail as to show, clearly and definitely its relation to the plaintiff's claim. Nothing must be left to inference and what is not stated must be regarded as not existing. Its averments must form a complete answer to the plaintiff's demands: Kyler v. Christman, 23 Pa. Superior Ct. 548. The force of this unbending rule of practice is not changed when the defendant interposes a set-off to the plaintiff's claim. In the assertion of such a defense the defendant becomes the actor and in respect to it he has the affirmation of the issue, and he must aver it in terms incapable of being misunderstood: Carnahan Stamping, etc., Co, v. Foley, 23 Pa. Superior Ct. 643,

The averment that " the note was not paid at the maturity thereof by the maker although due and legal notice of protest was made (given) upon the maturity of the said note of which protest and nonpayment the said Caven-Williamson Ammonia Company had due and legal notice," is somewhat stronger than the statement in Peale v. Addicks (174 Pa. 543), but it is subject to the same objections as stated by Judge STERRETT. It is a conclusion of law rather than a statement of fact from which the conclusion may be legitimately drawn. . . . In no proper sense is it the legal equivalent of a sufficient averment of presentation and demand at maturity, and notice of nonpayment.

The three indorsements in this case are by Freeston individually, as president of. the plaintiff corporation, and in his personal name " Wm. E. Freeston, attorney." In such a case the averments of presentation, demand, and notice of nonpayment are specially important and necessary to make the indorser liable. The averment of an assignment of a claim of $184 against the plaintiff company that was due and owing to Arthur Freeston at the time of the assignment and is still due and payable to defendant as such assignee is vague and uncertain as to its source and character and the relation of Freeston to the plaintiff.

The judgment is affirmed.