## Stage *v.* Smith, Appellant.

*Affidavit of defense—Set-off—Sale of land—Vendor and vendee—Statute of frauds.*

1. In an action on a promissory note an affidavit of defense is insufficient which avers that the defendant sold to plaintiff an interest in land covered by a contract with a third party, at a price more than the amount claimed by plaintiff, but does not set forth the contract. If the contract was in writing it must be attached to the affidavit of defense. If it was not in writing, it was void under the statute of frauds. In either case the averment of set-off is insufficient.

2. An affidavit averring set-off must set forth with particularity and certainty all material circumstances connected with the alleged set-off.

Argued Oct. 28, 1909. Appeal, No. 37, Oct. T., 1909, by defendant, from order of C. P. Clearfield Co., Sept. T., 1908, No. 416, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Isaac Stage v. H. Van Smith. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

SMITH, P. J., filed the following opinion:

Plaintiff's statement claims to recover from the defendant

the sum of $1,000, with interest from June 1, 1903. The suit is based upon a common promissory note, dated March 2, 1903, payable ninety days after date, to the order of Isaac Stage, for $1,000, at the Clearfield National Bank, which note it is alleged remained unpaid at the time of the bringing of the suit.

The defendant, in his affidavit of defense, admits the making of the note in suit, but alleges a defense to the whole of the plaintiff's claim in the nature of a set-off, together with the right to recover in addition thereto the sum of $1,775 from the plaintiff. Said affidavit of defense alleges that the defendant, in January, 1901, became the owner of certain contracts, partly for coal and partly in fee, for 185 acres of land in Karthaus township, Clearfield county, Pennsylvania, and that some time in July, 1902, the plaintiff, Isaac Stage, "bought from him and he, the defendant, sold to the plaintiff, a one-half interest in the coal and other minerals covered by the contracts with Barmoy, Miller and Weaver & Burge, and the plaintiff agreed to pay to the defendant therefor at the price or sum of $30.00 per acre for the whole, that is to say, $3,775 for the one-half interest in the 185 acres." Defendant further avers that he has given credit for the sum of $1,000 on account of the purchase money due from the plaintiff to the defendant on the said undivided interest and that he is ready and willing to convey said undivided interest to the plaintiff upon payment of the balance due.

Plaintiff's counsel urges that this affidavit is insufficient for the reason that it set up in defense an alleged contract for the purchase of real estate, without alleging that the same was in writing and by inference at least from the affidavit that it was an oral contract. The language of the affidavit is vague and indefinite in setting up a valid contract for the sale of real estate, both in the matter of description of the subject-matter of the contract alleged to have been made as also in the nature and character of the contract as to whether written or oral. If an oral contract, it certainly cannot be sustained, and in our judgment where an affidavit of defense sets up, as this affidavit pretends to do, a defense wholly

outside of the contract sued upon, a valid contract or one enforcible in law must be alleged. It will be noticed that the affidavit carefully refrains from saying that it is oral but does not say that it was written, and defendant's counsel argues that the court has no right to assume from the language used that it was an oral contract. It will be noticed that the words used are "bought from him and he, the defendant, sold to the plaintiff," and it is claimed that this must be presumed to allege a valid, binding and legal contract. Counsel claims as authority for this position, the case of Smith v. Stevenson, 190 Pa. 48. In that case action was brought for plastering and furnishing the material for fifty-two houses. Defendant's affidavit of defense admitted the agreement for plastering and furnishing as claimed for, in a bid accepted by the defendants, "Plaintiff agreeing however to take in part payment thereof a property situate," etc., followed by a definite description of the property in metes and bounds, price and terms of payment. Mr. Justice GREEN, in his opinion, says: "We cannot know whether the agreement was in writing or in parol, but in order to exclude it from the consideration of the jury we would be bound to infer that it was a verbal agreement, and that there were no circumstances which could or might suffice to take it out of the operation of the statute of frauds. We are not at liberty to make either inference for the purposes of the present contention. The affidavit alleges an agreement, and the subsequent performance of the agreement on part of the defendants. We cannot assume the defendants allege an illegal agreement. The proper inference from the bare averment must be that it was a valid agreement, especially as it is followed by an allegation of performance of its terms by the defendants." It will be noticed that the defense set up is one growing out of the same contract or agreement on which the suit was brought and that the subject-matter of the suit on the part of the plaintiff and the subject-matter of the defense are one and the same. The Supreme Court assumes that the defense alleged is based on a legal or valid contract. In the case which we are now considering the defendant alleges an independent contract,

one wholly outside of the subject-matter of the suit. He, moreover, sets up the right to recover against the plaintiff a definite sum of money. In such cases it is or should be the universal practice of an affidavit of defense to set out in clear, distinct terms a valid and enforcible contract and not leave anything either to be assumed or presumed by the court.

The practice act of May 25, 1887, requires an affidavit of the defense, and for the want thereof or want of a sufficient affidavit judgment may be moved in court "in accordance with the present practice in actions of debt and assumpsit." The rules of court of Clearfield county, adopted prior to the passage of said act of 1887, provided for a judgment by default on failure of the defendant to file an affidavit of defense "setting forth the nature and character of the same." It is said by Justice SHARSWOOD, in Peck v. Jones, 70 Pa. 83, "An affidavit of defense which is required by law or rule of court to set out the nature and character of the same, ought to aver distinctly either upon knowledge or information and belief every fact necessary to constitute a defense. Nothing should be left to mere inference." So also, an affidavit of defense which alleges fraud in general terms and does not distinctly set forth the facts constituting the fraud, was held insufficient: Matthews v. Long, 3 W. N. C. 512. Where an affidavit seeks to set up as a defense a set-off and does not state the items, time or other particulars to render a valid or tenable claim, it was held insufficient: Louchheim v. Becker, 3 W. N. C. 449. Where an affidavit of defense refers to a paper, it is held that a copy must be annexed in order that the court may judge of its legal effect: Erie v. Butler, 120 Pa. 374.

This affidavit sets up an independent contract between the parties, alleging not only the right to set off the full amount of the claim of the plaintiff, but asserts the right to recover a balance of $1,775, without alleging that the contract was in writing, or if in writing, without appending a copy thereof to the affidavit. In our judgment it is wholly insufficient as a defense and violates the principles of pleading. The court has a right to assume that it was oral, in the absence of

an allegation that it was written. If oral, it cannot be sustained: Sands, Herdic & Co. v. Arthur, 84 Pa. 479; Conrade v. O'Brien, 1 Pa. Superior Ct. 104, and numberless other cases in which the same principle is involved. The plaintiff is entitled to judgment for want of sufficient affidavit of defense.

Now, January 15, 1909, judgment is directed to be entered against the defendant, in favor of the plaintiff, in the sum of $1,000, with interest from June 1, 1903, making a total of $1,337.

*Error assigned* was the order of the court.

*A. M. Liveright,* with him *David L. Krebs* and *S. V. Wilson,* for appellant, cited: Muir v. Ins. Co., 203 Pa. 338; Taylor v. Beatty, 202 Pa. 120; Smith v. Stevenson, 190 Pa. 48; McCoy Lime Co. v. McCoy, 16 Montg. 32.

*W. C. Miller,* for appellee, cited: Peck v. Jones, 70 Pa. 83; Matthews v. Long, 3 W. N. C. 512; Louchheim v. Becker, 3 W. N. C. 449; Erie City v. Butler, 120 Pa. 374; Sedam v. Shaffer, 5 W. & S. 529; Pattison v. Horn, 1 Grant, 301; Sausser v. Steinmetz, 88 Pa. 324; Rineer v. Collins, 156 Pa. 342; Meason v. Kaine, 63 Pa. 335; Conrade v. O'Brien, 1 Pa. Superior Ct. 104.

OPINION BY BEAVER, J., December 13, 1909:

The plaintiff sought to recover from the defendant in this case the amount of a promissory note, dated March 2, 1903, payable ninety days after the date thereof. The defendant, in his affidavit of defense, admits the making of the note in suit, but avers that the year previous to its date, to wit, in July, 1902, he "sold to the plaintiff a one-half interest in the coal and other minerals covered by the contracts with Barmoy, Miller and Weaver & Burge, and the plaintiff agreed to pay to the defendant therefor at the price or sum of thirty dollars per acre for the whole, that is to say, two thousand, seven hundred and seventy-five ($2,775) dollars for the one-half interest in the 185 acres."

The defendant does not allege that he acquired title to the coal

and other minerals covered by contracts with Barmoy, Miller and Weaver & Burge, nor does he specify in what manner the sale of the half interest in these lands was made to the plaintiff. If in writing, it was his duty to attach a copy of the agreement under which, as he alleges, the sale was made. In his failure to do so, it may be very fairly assumed that the sale was not in writing, otherwise a copy of the agreement would have been attached to his affidavit. If not in writing, the sale was void under the statute of frauds and perjuries. If we can assume that the sale was in writing, the affidavit is bad, because the copy of the writing is not attached. If we are authorized to assume, because of the absence of the copy of the agreement, that the sale was not in writing, then the sale was not binding upon the plaintiff and the set-off is not good. In either event, as we view the affidavit of defense, the court very properly entered judgment for want of a sufficient affidavit of defense.

The appellant cites, and seems to rely with great confidence upon, the case of Smith v. Stevenson, 190 Pa. 48. That case, it seems to us, is clearly distinguished from the present one, as is pointed out very clearly by the court below in its opinion making the rule for judgment absolute.

In addition to the reasons set forth in that opinion, it may be further said that the Supreme Court, in the case cited, seems to rely particularly upon the fact that the defendant alleged performance of the terms of his agreement, Mr. Justice GREEN, who wrote the opinion, saying: "The proper inference from the bare averment must be that it was a valid agreement, especially as it is followed by an allegation of performance of its terms by the defendants." There being not only an allegation of defense to the amount of the plaintiff's claim, but of a specific set-off for a much larger amount than that claimed by the plaintiff, in which the defendant asserts his right to a certificate for $1,775, there should be such a specific statement of the claim of the defendant as would warrant recovery in action by defendant against plaintiff. "An affidavit averring set-off must set forth with particularity and certainty all material circumstances connected with the alleged set-off:" 1 P. & L. Dig. of Dec. 240.

It is unnecessary to recite the numerous authorities contained in the opinion of the court below, inasmuch as that opinion will doubtless be published in full in connection with the report of the case.

Judgment affirmed.