## Biernbaum v. Foster, Appellant.

*Practice, C. P.—Affidavit of defense—Set-off—Building contract.*

1. In an action to recover the balance alleged to be due on a building contract, an affidavit of defense is insufficient which alleges that the defendant had relieved the plaintiff of the performance of a part of his original contract and that "it was understood and agreed that the defendant would be entitled to a credit" for the value thereof which amounted to a sum named which was alleged to be in excess of the balance of the work for which the suit was brought.

2. Allegations of set-off in general terms are not to be regarded; the averment must be as specific as those used in the statement. The defendant has the affirmative of the issue and must aver his set-off in terms incapable of being misunderstood, and they must be stated with exactness as to source, character and amount with the same clearness and particularity as are required of a plaintiff in his statement of claim.

Argued Oct. 19, 1911. Appeal, No. 75, Oct. T., 1911, by defendant, from order of C. P. No. 1, Phila. Co.,

600      BIERNBAUM *v.* FOSTER, Appellant.

Statement of Facts—Opinion of the Court. [48 Pa. Superior Ct.

Sept. T., 1910, No. 3,618, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Max H. Biernbaum and J. Prescott Stoughton, Copartners, trading as Parvin & Company, v. James Foster. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for balance due on a building contract.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alfred D. Wiler,* for appellant.—The averment of the defendant's claim is good: Stern v. Dwyer, 35 Pa. Superior Ct. 132; Andrews v. Packing Co., 206 Pa. 370; Schlitz Brewing Co. v. Rosenbluth, 33 Pa. Superior Ct. 303; Brown v. Gourley, 214 Pa. 154; Hatboro Nat. Bank v. Stevenson, 33 Pa. Superior Ct. 144.

*Ira J. Williams,* of *Simpson, Brown & Williams,* with him *Arthur S. Minster,* for appellee.—An affidavit of defense averring set-off must set forth with particularity and certainty all material circumstances connected with the alleged set-off: Stage v. Smith, 41 Pa. Superior Ct. 273; Sprissler v. McFetridge, 37 Pa. Superior Ct. 607; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Caven-Williamson Ammonia Co. v. Ice Co., 27 Pa. Superior Ct. 381; Fleisher v. Blackburn, 15 Pa. Superior Ct. 289; Thompson v. Stone, 43 Pa. Superior Ct. 69; Wright v. Hanna, 210 Pa. 349; Crawford v. Gas Co., 183 Pa. 227; Dickson v. Mfg. Co., 179 Pa. 343; Phila. & Del. County R. R. v. Conway, 177 Pa. 364.

OPINION BY ORLADY, J., March 1, 1912:

The original contract between these parties in relation to the finishing and erecting certain ironwork in Phila-

delphia Base Ball Park, for the sum of $25,986, was completed and paid for, and the only item involved in the present controversy relates to one that is defined as extras. As a defense to the payment of these extras, which are averred to be not worth in excess of $801.40, the defense as set out in the defendant's affidavit is as follows: "That it was part of plaintiff's contract to re-erect towers which were torn down from the old stand and to re-erect them on the new stand. Defendant having erected a brick wall at the Broad street end, thereby relieving plaintiffs from the performance of the above-mentioned part of their original contract, and it was understood and agreed that defendant would be entitled to a credit for the value thereof, which amounted to the sum of $825." The concluding words of this averment are the ones which were considered by the court below as inadequate and insufficient so as to prevent judgment being entered for the plaintiff's claim.

The court on motion, made absolute a rule for judgment for the amount as to which the affidavit of defense is insufficient, to wit: the sum of $801.40, and treated it as being admitted to be due. The validity of the judgment depends upon the construction given by the court to the part of the affidavit above quoted, in regard to which it is necessary to cite but few authorities.

Allegations of set-off in general terms, are not to be regarded; the averment must be as specific as those used in the statement. The defendant has the affirmative of the issue and must aver his set-off in terms incapable of being misunderstood, and they must be stated with exactness as to source, character, and amount with the same clearness, and particularity as are required of a plaintiff in his statement: Caven-Williamson Ammonia Co. v. Ice Co., 27 Pa. Superior Ct. 381; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Sprissler v. McFetridge, 37 Pa. Superior Ct. 607; Stage v. Smith, 41 Pa. Superior Ct. 273.

The averment "And it was understood and agreed that defendant would be entitled to a credit for the value

thereof" is entirely too vague and indefinite. No explanation is given as to how the amount is arrived at. There is a vague averment that the $825 is the fair and reasonable value of the work, which he alleges the plaintiffs were relieved of doing, but this is a lumping charge, arbitrarily stated. There is no intimation as to the parties between whom such an understanding and agreement to allow a credit, was made. The statement of claim is sufficiently explicit and clear to advise the defendant of the tenor and character of the plaintiff's claim and demand.

The judgment of the court is affirmed.