## Bankerd & Outerson Company *v.* Historical Publishing Company, Appellant.

*Contract—Sale—Warranty—Affidavit of defense.*

Where book paper has been accepted and used for the purpose for which it was purchased, without objection or complaint as to size, weight or quality, an affidavit of defense in an action for the price, is insufficient, which avers that the paper furnished was different from the sample which accompanied the order, so that additional thickness was added to the book with the result of increasing the cost of binding and of other expenses, without any averment as to the amount of any actual loss suffered.

Argued, Dec. 18, 1912. Appeal, No. 177, Oct. T., 1912, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1912, No. 4,289, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Bankerd & Outerson Company v. Historical Publishing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Benjamin O. Frick,* with him *John G. Johnson,* for appellant.

*E. Waring Wilson,* for appellee.

OPINION BY ORLADY, J., July 16, 1913:

This action was brought to recover for book paper to be used in printing a second edition of "Practical Treatise on Automobiles." A sample of paper was submitted with the order when it was given, and upon delivery to the defendant company it was accepted and

used for the purpose intended without objection or complaint as to size, weight or quality.

The defense set up in the affidavit was that the paper furnished was different from the sample which accompanied the order, so that additional thickness was added to the book; the cost of binding and amount of leather increased, and other changes made necessary by the .added thickness of the paper.

The defendant company had ample opportunity to inspect the paper when it was delivered, and the fact that it was used without making any objection should be an answer to the suggestion that it differed in any material way from the sample. The allegations as to the damages resulting from the alleged breach of warranty lack that certainty and precision which are required in an affidavit of defense. It is not alleged that any actual expense was incurred or that any actual loss was suffered. The cost involved in the suggested changes stated to be, are purely speculative, and uncertain, as shown by the expressions,—defendant believes that such cost will be— the cost of preparing new prints would be—such profits would have been.

An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie a good defense, and if it fails to do so, with some omission of essential facts, or manifest evasion in the mode of statement, it will be insufficient to prevent judgment and the averment of a set-off must be set forth by the defendant with the same clearness and particularity that are required of a plaintiff in the statement of claim. The allegation of the defense as to breach of warranty and damages resulting therefrom are too vague and indefinite to warrant us in reversing the action of the court below: Biernbaum v. Foster, 48 Pa. Superior Ct. 599.

The judgment is affirmed.