# Pittsburg Automobile Company *v.* Iron City Sand Company, Appellant.

*Practice, C. P.—Affidavit of defense—Lack of particularity.*

1. In an action to recover for work done and material furnished on a motor truck which the plaintiff had originally sold to the defendant under a guaranty, an affidavit of defense is insufficient which avers generally that the material furnished and the work performed were faulty, and that many of the items charged for should have been done at the plaintiff's own expense under the guaranty, but without any objection to the specific items, and without any particular statement of the material or workmanship alleged to be defective.

2. In an action to recover for work done and material furnished on a motor truck owned by the defendant, an affidavit of defense is insufficient, which avers in general terms that the material furnished and work performed was faulty, and that as a consequence of this the defendant had repairs made by another company which amounted to an aggregate sum stated, but without specifying in detail what these items were, or in what respect the material and workmanship were defective.

Argued May 15, 1913. Appeal, No. 203, April T., 1913, by defendant, from order of C. P. Allegheny Co., Jan. T., 1913, No. 1,405, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Pittsburg Automobile Company v. Iron City Sand Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for work done and material furnished. Before DAVIS, J.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Albert P. Meyer,* of *Lineaweaver & Meyer,* for appellant, cited: Newton Rubber Works v. Kahn, 186 Pa. 306; Andrews v. Packing Co., 206 Pa. 370; Wilson v.

Iron Co., 198 Pa. 416; Rockwell Mfg. Co. v. Cambridge
Springs Co., 191 Pa., 386.

*Donald Thompson*, for appellee, cited: Comly v. Simp-
son, 6 Pa. Superior Ct. 12; Loeser v. Warehouse, 10 Pa.
Superior Ct. 540; Law v. Waldron, 230 Pa. 458; Biern-
baum v. Foster, 48 Pa. Superior Ct. 599.

OPINION BY HENDERSON, J., July 16, 1913:

The plaintiff's action was brought for work done and
material furnished on and about two motor trucks, one
of which was known as a "Commer" truck and the other,
a "Vulcan" truck.  The plaintiff had sold the Commer
truck to the defendant on a written guarantee that it
would give satisfactory service "provided the purchaser's
requirements of each truck are O. K. and accepted by
him."  The guarantee contained several conditions as
to overloading, use of proper lubricants, carrying out rea-
sonable instructions as to the operating of the machine
and weekly inspection by the plaintiff during a period of
ninety days, at the end of which time if the truck did
not deliver the service as requested by the purchaser
and accepted by the plaintiff the latter agreed to take
it back and refund the purchase price paid less thirty
cents per mile for mileage rendered during the ninety
days' trial.  The contract further provided as follows:
"After this trial it is understood that the purchaser ac-
cepts absolutely this truck."  There was a further guaran-
tee as to the chassis of the truck whereby the plaintiff
undertook to supply free of charge any part of the chassis,
exclusive of tires which might be found faulty owing to
defective material or workmanship for a period of seven
years from date of the delivery, such parts to be sent to
the plaintiff for examination, no responsibility to arise
however for loss resulting from or contingent upon such
defects or due to wear, tear or neglect or loading over
the rated capacity.  The gear boxes were guaranteed for
the term of two years.  The truck was retained and used

by the plaintiff. The defense set up is that the truck has not given satisfactory service and from the date of its receipt by the defendant has been continually breaking down and developing defects in material and workmanship and is not of sufficient design and construction to meet the requirements of defendant so that the defendant has been compelled to expend large sums of money to keep it in operation; that many of the items set forth in the plaintiff's statement of claim are charges for parts and labor performed in repairing said truck to keep the same in operation and that the defendant is not liable for such charges. An examination of the affidavit in the light of the contract makes it clear that the averments of the affidavit are not sufficient. The facts relied on must be asserted with reasonable precision and distinctness and the affidavit wholly fails to disclose the particulars which would enable the court to determine the items and amounts involved and the consequent difference in value between the machine as warranted and as it proved to be. The contract expressly provided that if the purchaser failed to return the truck at the end of a ninety days' trial such retention would amount to an absolute acceptance of it. If any liability existed after that on the warranty it should be specifically set forth as to the nature and extent of the breach. It is not sufficient to aver "that a great many of the items set forth in exhibit A as charged against the defendant by the plaintiff are charges for parts and labor performed in repairing said truck to keep the same in operation, which said plaintiff was bound and obligated to do." We are left wholly in the dark as to what the specific defaults were and what the cost to the defendant was of such defaults if they were admissible by way of defense. The plaintiff's statement sets forth in detail the items of its claim but not one of these is made the subject of objection in the affidavit. "A great many of them" is not a sufficient designation of the parts of the account for which the defendant says it is not responsible.

The averments relating to the second branch of the case are equally defective. The allegation is that the material furnished and the work performed on the Vulcan truck were faulty and that the defendant was unable to operate the truck as a consequence of which it was compelled to deliver the truck to another company for the purpose of having it put in repair; that the other company did repair the truck for which the defendant was compelled to pay it $1,160.81 and that the work of this other company was made necessary by the defective and faulty work of the plaintiff in the repair work done by it on the Vulcan truck. This amount of $1,160.81 it seeks to set off against the plaintiff's bill. No statement is given of the character of the repairs undertaken by the plaintiff or of the defects as to material or labor or the basis for the conclusion that the work subsequently done by the Driggs-Seabury Corporation was made necessary because of the failure of the plaintiff to make the proper repairs. Allegations of set-off in general terms are not to be regarded—the averments must be as specific as those used in the statement. The defendant had the affirmative of the issue and must aver his set-off with exactness as to source, character and amount with the same clearness and particularity as are required of a plaintiff in his statement: Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23; Biernbaum v. Foster, 48 Pa. Superior Ct. 599. The learned judge of the court below gave careful consideration to the case and his conclusion is supported by numerous authorities.

The judgment is affirmed.