## Berko v. Kemper Construction Co., Appellant.

*Practice, C. P.—Affidavit of defense—Sufficiency of affidavil—Allegations of set-off.*

The allegations in an affidavit of defense must not vaguely suggest a defense, but must strike at the basis of the plaintiff's action. The affidavit must set forth the facts upon which the defense rests.

Allegations of set-off in general terms are not to be regarded. The averments must be as specific as those used in a statement of claim.

In an action to recover a balance due on a contract for the sale of fire escapes, an affidavit of defense is insufficient which avers that the goods furnished did not conform to the requirements of a State statute as specified in the contract, and that the defendant had been required to correct the defects at a cost stated, which he claimed to set off as he had a right to do under the contract, but without stating the defects; but if the affidavit goes further and avers that the defendant had admitted that the claim of set-off was a proper charge and agreed to pay the same, the affidavit will be sufficient to carry the case to the jury on the question of such set-off.

Submitted Nov. 17, 1916. Appeal, No. 316, Oct. T., 1916, by defendant, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 3481, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Adam Berko and Stephen Berko, trading as Berko Bros., v. Kemper Construction Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Modified and affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frank Smith,* for appellant.

*Ladner & Ladner,* for appellee.

OPINION BY WILLIAMS, J., March 9, 1917:

This is an appeal from a judgment for part of plaintiffs' claim as to which the court below held the appellant's affidavit of defense insufficient.

Plaintiffs claimed a balance due of $679.30 for certain structural iron work sold and delivered to the defendant at the times set forth as per written orders annexed to the statement.

Defendant's affidavits of defense averred that plaintiffs had not set out a clause in the contract providing as follows: "All material must be the best and the workmanship first class. Material furnished by you for erection or assembling by us must come together without cutting or drilling in the field. We reserve the right to reject defective material or any that does not fulfill all the requirements of this order, or to use the same, making the

necessary alterations or corrections, and charging the cost of such changes to you. No allowance for hauling, packing, or excess weight, unless specified above." It was also generally denied that the goods were made in a workmanlike manner, etc., according to the contract.

The affidavit must set forth the facts upon which the defense rests: Bethlehem Steel Co. v. Topliss, 249 Pa. 417; Andrews v. Blue Ridge Packing Co., 206 Pa. 370. The Practice Act of 1915 provides in Section 8: "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim......but each party shall answer specifically each allegation of fact of which he does not admit the truth,......" These allegations must be of fact, and not of inferences of fact or conclusions of law: Bair v. Jackson, 59 Pa. Superior Ct. 126; Swartz v. Historical Pub. Co. (No. 1), 55 Pa. Superior Ct. 407. The allegations must not vaguely suggest a defense, but must strike at the basis of the plaintiff's action: Biernbaum v. Foster, 48 Pa. Superior Ct. 599, 601.

We must determine whether the defendant has satisfied the requirements of the law. It states that it had the right, under the contract, to receive the goods and charge the cost of alterations to the plaintiffs. For the purposes of this decision, this must be conceded. It then proceeds to deny generally the allegations in clauses 10, 11 and 12 of the statement, and also denies that it owes the sum of $679.30 to the plaintiffs. These denials do not satisfy Section 8, of the Practice Act of 1915, supra. Without more, judgment should have been entered for the plaintiffs. But the affidavit alleged various items of set-off. As to these the rule laid down in Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540, by PORTER, J., (542) is as follows: "Allegations of set-off, in general terms, are not to be regarded. The averments must be as specific as those used in a statement of claim."

Tested by this the items of set-off were:

Freight charges $29.17. As this was allowed by the court below, it is not before us.

Goods were not constructed according to the "Tenement House Act of New Jersey" when shipped to Atlantic City, to wit: Two fire escapes which had been made to comply with the said act at the expense of $345.02, as per itemized statement of account, of which the sum of $320 was due and owing as itemized in an exhibit and which amount had been actually and necessarily expended by the defendant to correct the defects in the goods and materials supplied by the plaintiff.    As the affidavit did not specify in what respect the fire escapes were defective it would not be sufficient to prevent summary judgment: Pittsburg Automobile Co. v. Iron City Sand Co., 54 Pa. Superior Ct. 622; were it not for the allegation following that "when the cost of making the alterations to conform to the 'Tenement House Act of New Jersey' was brought to the attention of Mr. Adam Berko, of the plaintiff company, by the defendant, he admitted that it was a proper charge and agreed to pay the same."    This is sufficient to prevent summary judgment, because it embodies a statement of a fact which, if found to be true, would support a judgment.. The affidavit sets up a consideration, an itemized statement of account, and an unconditional promise on the part of one of the partners to pay.    The averment shows that there was a meeting of the minds of the parties as to the specific agreement alleged, and we think that this satisfies the burden resting upon the defendant.    After the essentials are once established the allegations are not to be subjected to a close technical examination for imaginary deficiencies: Andrews v. Blue Ridge Packing Co., supra.

As to the other items, we are of opinion that the affidavit was insufficient.    The allegation that "plaintiffs agreed to give credit to the defendant in the sum of $31.52" under written orders 1340 and 1536, furnishes no information as to the meeting of the minds of the parties as to the correctness of the charge, or as to what the charge was for; nor are the allegations that "the

cost of extra labor and materials" on order 1649 and 1750 "equals the sum of $12.94"; that such cost on another order was equal to $7.88; and that such cost on three other orders amounted to $70.05, specific statements of fact.

The affidavit being sufficient as to the item of $320, the judgment is reduced to that extent, and, as to this item of $320, a procedendo is awarded. The judgment as thus modified is affirmed.