## Manufacturers' Supplies Company v. Moyer.

*Practice Act, 1915—Affidavit of defence—Sufficiency.*

1. Under the "Practice Act, 1915," P. L. 483, an affidavit of defence must be specific, a clear, orderly and specific statement of the facts relied on by the defendant, and answer specifically all allegations of fact in the statement of claim.

2. It is now an essential part of the pleadings and limits the admission of evidence on the part of the defendant to the issues raised thereby. Oversights may be cured by a supplemental affidavit.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Northumberland Co., Feb. T., 1921, No. 209.

*W. H. Unger*, for relator; *Albert Lloyd*, for respondent.

MOSER, J., June 28, 1921.—In the opinion filed by Judge Stewart in the case of Krajnetz *v*. Milwaukee Mechanics' Ins. Co., tried in Northampton County and reported in 27 Dist. R. 362, it is said: "The plaintiff filed a statement, setting forth that she owned a certain frame dwelling-house which was insured by the defendant company against loss by fire to an amount exceed-

Manufacturers' Supplies Company v. Moyer.

ing $2000; that on Feb. 10, 1917, a fire occurred, resulting in a total loss; that she gave defendant notice of the loss, and in all respects complied with the terms of the policy; that she demanded payment of the said $2000, and the defendant refused to pay her. The defendant filed an affidavit of defence which contains eight paragraphs. The first, second and fifth paragraphs are mere admissions of the truth of certain paragraphs of the statement. The fourth and seventh paragraphs are denials of certain paragraphs. The third, sixth and eighth paragraphs are as follows: 'Third. For answer to paragraph third of plaintiff's statement, the defendant says that it has been advised that a fire occurred upon said premises, but has no knowledge of the date of said fire, but it denies that the loss of the plaintiff, if any, was in the sum mentioned in said paragraph. Sixth. Defendant admits that no part of said insurance money has been paid, either to the plaintiff or any one else, but it is denied that the sum of two thousand dollars ($2000), or any other sum, is justly due and owing to the plaintiff from the defendant on said policy. Eighth. Defendant denies that the plaintiff has made demand on it for the said sum of two thousand dollars ($2000), or any other sum, and admits that it has not paid the same or any part thereof.' It will thus be seen that no one reading the affidavit of defence could possibly obtain any intelligent idea of what the defence was, and the plaintiff would be utterly unable to properly prepare her case. The 'Practice Act, 1915,' P. L. 483, provides as follows: 'Section 5. Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences or conclusions of law,' &c. 'Section 8. It shall not be sufficient for a defendant in his affidavit of defence to deny generally the allegations of the statement of claim, or for a plaintiff in his reply to deny generally the allegations of a set-off or counter-claim, but each party shall answer specifically each allegation of fact of which he does not admit the truth, except as provided in sections 7 and 13. Section 12. . . . The affidavit of defence shall be as brief as the nature of the case will admit,' &c. Since the passage of the Practice Act, a number of courts have decided that the affidavit of defence must be specific. See Fulton Farmers' Ass'n v. Bomberger, 34 Lanc. Law Rev. 325; Scranton Flour and Grain Co. v. Maier, 18 Luzerne Legal Reg. 466; Pennsylvania R. R. Co. v. Milling Co., 18 Luzerne Legal Reg. 467. It is scarcely necessary to cite authorities as to what was required in cases like the present prior to that act. In Moore v. Susquehanna Mutual Fire Ins. Co., 196 Pa. 30, it was held: 'An affidavit of defence should contain a clear, orderly and specific statement of the facts relied on by the defendant to prevent judgment; merely general averments, or those which raise mixed question of law and fact, are insufficient. Inferences or conclusions of law are for the court, and if it is desired that they should be drawn in favor of the defendant, the court should be put in possession of the facts from which they are to be drawn.' In King v. The Security Co., 241 Pa. 547, it was held: 'Where the affidavit of defence in such action contained nothing but a general denial that the contractors had broken their contract so as to render defendant liable, and stated no facts which constituted an adequate defence, judgment was properly entered for plaintiff for want of a sufficient affidavit of defence.' "

In the case of Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288, the Supreme Court say: "Section 16 of the Practice Act of May 14, 1915, P. L. 483, provides that 'neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence or plaintiff's reply, as the

1 D. & C.

case may be,' except where the action is trespass or the defendants are fiduciaries. This section has worked a wise and vital change in practice, though some of the profession do not seem to appreciate it. Except where court rules provided otherwise, the only purpose of an affidavit of defence under the prior law was to prevent summary judgment. Under this section, however, it is an essential part of the pleadings, and the court below should refuse to admit evidence upon any issue not raised thereby. The provision for amendments gives ample opportunity for the curing of oversights."

Under these authorities and many other cases in which the courts have construed and commented upon the provisions of the Practice Act, such as Gorman v. Elfreth, 27 Dist. R. 90; Freidburg v. Seeherman, 27 Dist. R. 972; Herron v. Florence Presbyterian Church, 27 Dist. R. 1025; Berko v. Kemper Construction Co., 65 Pa. Superior Ct. 589, it is quite clear that in this proceeding the rule must be made absolute. The defendant is hereby allowed fifteen days from the date of the filing hereof to file a supplemental or amended affidavit of defence.

From C. M. Clement, Sunbury, Pa.