## McCaskey Register Company v. Barsby.

*Contract—Sale—Delivery to common carrier—Sales Act—Act of May 19, 1915, P. L. 543.*

1. Where goods are sold f. o. b. and title is reserved in the seller until payment in full, and the goods are delivered to a common carrier, the title remains in the seller, but the goods are at the buyer's risk from the time of such delivery.

2. If the goods are claimed to have been received in a damaged condition, owing to improper packing, the purchaser may return them if he acts promptly; but if he does so, he must give notice of non-acceptance within a reasonable time. Such action is essential to avoid liability.

3. In an action for the price of the goods, the purchaser must show in his affidavit of defence that he acted promptly, gave notice of non-acceptance in a reasonable time, stating time and manner of notice, and also must set forth with particularity to what extent the goods were damaged and in what respect they had been carelessly packed.

*Assumpsit.* Motion for judgment for want of sufficient affidavit of defence. C. P. Carbon Co., Oct. T., 1922, No. 19.

*Freyman, Thomas & Branch,* for plaintiff; *J. M. Breslin,* for defendant.

BARBER, P. J., Dec. 29, 1922.—J. E. Barsby, the defendant, gave to the McCaskey Register Company, plaintiff, a written order, dated Sept. 28, 1921,

3 D. & C.

for "One Physicians & Surgeons System Style x31 finish 16," referred to in the pleadings as a register, for which he agreed to pay $23 in cash with the order, and balance in twelve monthly instalments of $14.75 each. To secure this balance, defendant executed his promissory note, dated Sept. 28, 1921, payable to plaintiff's order, in the sum of $177, in twelve monthly instalments of $14.75 each, beginning one month after date. In its statement plaintiff alleges a delivery of this note on Nov. 28, 1921, while defendant, in the 4th paragraph of his affidavit of defence, admits a delivery Sept. 28, 1921, the same date as the order. If this latter date be correct, then the order and note may be considered as one transaction.

On or about Nov. 1, 1921, the register was delivered to a common carrier, consigned to defendant at Freeland, Pennsylvania, the date and place named in the order. Plaintiff now seeks to recover the amount of the note, with interest.

In the 3rd paragraph of his affidavit of defence defendant "denies that the register so delivered to the common carrier was in conformity with the requirements of said order, and avers that the plaintiff, in packing said register for shipment, carelessly and negligently did so, and that said register was damaged and scratched and not in the condition contracted for between the parties hereto. That such damage so done by the plaintiff to said register made the said register useless to the defendant."

The order required the goods to be shipped "by fght. F. O. B. Alliance, Ohio." The delivery to the common carrier was a delivery to the buyer at that point: Sales Act of May 19, 1915, par. 1, § 45, P. L. 543, 555.

The order provided that "title to the goods to remain in McCaskey Register Company until purchase price or judgment for all or any part of same is paid in full." No. 3.

The 1st paragraph of section 20 of the Sales Act of May 19, 1915, P. L. 543, 549, provides: "The right of possession or property may be thus reserved, notwithstanding the delivery of the goods to the buyer, or to a carrier or other bailee for the purpose of transmission to the buyer."

And under section 22 *(a)* of the same act, "the goods are at the buyer's risk from the time of such delivery:" Smith Co. *v.* Marano, 267 Pa. 108.

"But upon receipt of the goods, the buyer is not deemed to have accepted them unless and until he has had a reasonable opportunity of examining them for the purpose of ascertaining whether they are in conformity with the contract:" Sales Act of May 19, 1915, par. 1, § 47, P. L. 543, 556. The only want of conformity to the contract set forth in the affidavit is that the register was received in a damaged condition, due to careless packing.

If the goods were damaged in transit, recourse must be had to the carrier; but if the damage alleged was due to careless packing, the defendant fails to specify wherein the shipper was negligent, nor does he set forth the extent of the damage or how the resulting injury rendered the register useless. Citations of authority are hardly necessary to show that such general and indefinite averments are not sufficient to prevent judgment, but see Pittsburgh Auto Co. *v.* I. C. S. Co., 54 Pa. Superior Ct. 622, and many other cases.

But even if the allegation as to want of conformity to the contract were sufficient, defendant does not say that, upon discovery, he promptly tendered a delivery back or that he gave notice of non-acceptance within a reasonable time. This is essential to avoid liability: Am. W. T. Co. *v.* Reed Manuf. Co., 18 Pa. Superior Ct. 24.

"The defendant contented himself by such general statements as 'the goods were not of the quality and value purchased,' and the like. There is no aver-

ment as to when the alleged inferior quality of velvet was discovered, nor when, how or to whom any notice thereof was given:" Werbitsky v. Fisher, 64 Pa. Superior Ct. 284, 286.

In the 7th paragraph of his affidavit of defence defendant says that, upon inspection of the register and discovery of its damaged condition, he immediately shipped the same to plaintiff by delivering it to the Lehigh Valley Railroad Company at Freeland, Penna., directed to plaintiff at Alliance, Ohio. When the goods were shipped, whether any notice of defendant's refusal to accept or keep the goods, or whether received by plaintiff, is not stated.

Section 48 of the Sales Act of May 19, 1915, P. L. 543, 556, provides: "The buyer is deemed to have accepted the goods . . . when the goods have been delivered to him . . . or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." We have no averment that within a reasonable time, or at any time after the receipt of the register, the defendant intimated to the seller that he rejected the article. No date of shipment is given, nor is a delivery to a common carrier an intimation to the seller of rejection.

"If defendant made his investigation in a reasonable time and notified plaintiff of the result, as required by the Sales Act, it is not too much to insist that this be set forth expressly in the affidavit. Omission therefrom cannot be supplied by possible inferences from the stated facts. . . . The defendant must assert when he discovered the goods were not of the quality ordered and when he gave notice to the vendor of that fact. . . Whether this duty has been performed is ordinarily a question for the jury, but when we deal with facts which are admitted, . . . the question becomes one of law for the court:" Wright v. General Carbonic Co., 271 Pa. 332, 338.

"The law requires the buyer to exercise due diligence in inspecting goods purchased and in advising the seller of imperfections:" Crunden Manuf. Co. v. Turner, 274 Pa. 425.

The inference of an acceptance, therefore, logically follows.

"But if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such a breach, the seller shall not be liable therefor:" Sales Act of May 19, 1915, § 49, P. L. 543, 557.

It is not sufficient that the buyer, after inspection, delivered the goods to a common carrier. "An affidavit of defence setting up a breach of warranty of quality should be clear and unambiguous, and designate not only the time when the discovery of the defect in quality was made, but when and how notice of the fact was given to the seller:" Wright v. General Carbonic Co., 271 Pa. 333.

This is a suit upon a promissory note, the execution of which and the delivery, except as to date, are admitted, with no allegation of fraud, accident or mistake, or of parol statements upon the faith of which the note was executed, and but for which it would not have been signed or delivered. It is, therefore, unnecessary to discuss any of the questions relating to the note itself, except to direct attention to "Caution No. 1," that the order "covers all agreements between the parties."

And now, Dec. 29, 1922, the motion for judgment for want of a sufficient affidavit of defence, filed July 24, 1922, is granted, and judgment directed to be entered in favor of the plaintiff and against the defendant for $177, with interest upon the several monthly instalments from the due date of each, the amount to be liquidated by the prothonotary.

From Jacob C. Loose, Mauch Chunk, Pa.