## McNeal v. Beale.

*Practice, C. P.—Affidavit of defence—Plaintiff's reply—Counter-claim— Set-off—Accounting—Judgment—Striking off—Act of May 14, 1915.*

1. Where an affidavit of defence does not set up a counter-claim or set-off with particularity so as to show how or in what manner or how much plaintiff is indebted to defendant, the plaintiff need not file a reply.

2. The Practice Act of May 14, 1915, P. L. 483, does not provide for an accounting by the plaintiff to the defendant, and the latter cannot in his affidavit of defence claim an accounting.

3. Where the court has permitted judgment to be entered against plaintiff for want of a reply, such judgment will be subsequently stricken off, where an inspection of the pleadings shows that it was improperly entered.

Rule to strike off judgment. C. P. Union Co., Jan. T., 1923, No. 3.

*Wm. H. Hackenburg,* for rule; *Cloyd Steininger* and *A. A. Leiser,* contra.

POTTER, P. J., Aug. 10, 1923.—In this case a statement and an affidavit of defence were duly filed. On Jan. 13, 1923, a motion was presented for judg-. ment against the plaintiff for want of a "plaintiff's reply," which was allowed. On March 16, 1923, a rule was taken out on the defendant requiring him to show cause why this judgment entered in his favor on Jan. 13, 1923, should not be stricken off, and why judgment should not be entered in favor of the plaintiff for want of a sufficient affidavit of defence, and it is this rule we now have before us.

It is claimed by the plaintiff that no "plaintiff's reply" is required by the pleadings, while the defendant claims otherwise.

Section 15 of the Practice Act of May 14, 1915, P. L. 483, 485, provides as follows: "When the defendant in his affidavit of defence sets up a set-off or counter-claim against the plaintiff, the plaintiff, within fifteen days from the day of service of the affidavit of defence upon him, shall file an answer, under oath, which shall be called the 'plaintiff's reply,' which shall be served upon the defendant or his attorney at the address for the service of papers indorsed on the affidavit of defence. . . ."

Section 5 of the same act, *inter alia,* provides: "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defence, as the case may be. . . ."

Section 15 provides for the filing of a *reply* by the plaintiff when a set-off or counter-claim against the plaintiff is set up as a defence. If no set-off or counter-claim is set up, no *reply* need be filed. If a set-off or counter-claim is set up by the defendant, it must be set out with the same degree of particularity and minuteness as is required in the statement, for in the set-off or

counter-claim the defendant, so far as relates to it, assumes the place of plaintiff, and he must show how and in what manner and how much the plaintiff is indebted to him. This doctrine is supported by many cases, among which are the following: O'Neil *v*. Burnett, 263 Pa. 216; Law *v*. Waldron, 230 Pa. 458; Baker *v*. Tustin, 245 Pa. 499; Markley *v*. Stevens, 89 Pa. 279; Loeser *v*. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540; Franklin Paper Co. *v*. Southern Cornice Works, 25 Dist. R. 576; Berko *v*. Kemper Construction Co., 65 Pa. Superior Ct. 589.

We have no hesitation in saying that the affidavit of defence filed in this case does not set up a claim against the plaintiff with the precision required by law, and if the defendant brought suit against the plaintiff on the cause of action as set out in his affidavit of defence, on application, the court would be bound to declare the statement insufficient on which to maintain an action. This is the method of testing out the affidavit of defence, and, tested by this method, it falls far short, so far as the setting up of a  set-off or counter-claim is concerned.

We apprehend, however, that the defendant depends mostly on that part of his affidavit of defence wherein he demands an accounting of the plaintiff. Section 11 of the Practice Act hereinbefore cited provides as follows: "If the plaintiff avers that the defendant has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff, or if the plaintiff is unable to state the exact amount due him by the defendant, by reason of the defendant's failure to account to him, the plaintiff may ask for an account. . . ."

It will be noted that the act provides for an accounting by the defendant to the plaintiff, but it does not provide for an accounting by the plaintiff to the defendant, and, in the absence of this legislative provision, the defendant cannot ask the plaintiff for an accounting in this proceeding.

In the case of Miller *v*. Belmont Packing and Rubber Co., 268 Pa. 51, on page 64, Chief Justice Moschzisker says: "We do not feel that section 11 is rendered invalid, as appellant contends, by reason of the fact that defendant, as to a counter-claim or set-off on his part, is afforded no similar right to ask for an accounting. If this is an incongruity, the legislature can remedy it.

We are asked to strike off this judgment entered in favor of the defendant. Generally speaking, the court can strike off a judgment only for irregularities appearing on the face of the record. But when a judgment is illegally entered, it may be stricken off: Saupp *v*. Streit, 258 Pa. 211.

Had the court had knowledge of the pleadings in this case when the motion for judgment was presented, as it now has, the judgment would not have been entered. In the face of the pleadings, the entry of this judgment was illegal and without authority. Here, the invalidity of the judgment appears from the records of the case. In cases like this the court has undoubted authority to strike off.

We must hold, therefore, that the affidavit of defence does not set up a legal set-off or counter-claim, that the defendant cannot ask for an accounting from the plaintiff, and that the plaintiff need file no reply.

And now, to wit, Aug. 10, 1923, the rule to strike off the judgment entered on Jan. 13, 1923, in favor of the defendant for want of a reply by the plaintiff is made absolute. The defendant is given fifteen days from this date in which to file an amended affidavit of defence on the merits of the case, if he so desires, in default of which at the end of that time the case is ordered on the trial list.

From Charles P. Ulrich. Selins Grove, Pa.