## Groff v. Mellinger.

*Affidavit of defense—When not sufficiently specific.*

In an action on an open book account, an affidavit of defense is insufficient which denies that the defendant owes to the plaintiff the amount claimed, or any other amount, without stating the facts on which he bases the legal conclusion that he is not so indebted.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Dec. T., 1926, No. 93.

B. C. Atlee, for rule; Harnish & Harnish, contra.

HASSLER, J., April 16, 1927.—Plaintiff's claim, as set forth in his statement, is for a balance due on an open book account to the amount of $225. A copy of the book account is attached to the statement.

In his affidavit of defense the defendant denies his liability as follows: "Defendant denies that he is indebted to the plaintiff in the sum of $225, with interest from Sept. 8, 1922, as set forth in Exhibit A attached to plaintiff's statement; the defendant denies that he is indebted to the plaintiff on a book account in any sum whatsoever."

Section 8 of the Act of May 14, 1915, P. L. 483, provides: "It shall not be sufficient for the defendant in his affidavit of defense to deny generally the allegations of the statement of claim, but each party shall answer specifically each allegation of fact of which he does not admit the truth."

A general denial in the affidavit of defense of the allegations of the statement is not sufficient. The defendant must specifically deny all the averments

of the statement of which he does not admit the truth: Eberbach v. Clyde Steamship Co., 74 Pa. Superior Ct. 79; Fulton Farmers Ass'n v. Bomberger, 262 Pa. 43; Pennsylvania R. R. Co. v. Milling Co., 33 Lanc. Law Rev. 402. A defense must be stated with reasonable certainty and must allege facts and not conclusions of law: Berko v. Kemper Construction Co., 65 Pa. Superior Ct. 589; Warfel v. Burkholder, 37 Lanc. Law Rev. 170. An affidavit of defense denying liability and alleging payment, but not specific facts relating thereto, is defective, evasive and insufficient: Gorman v. Elfreth, 27 Dist. R. 90; Weener v. Heller, 29 Dist. R. 1078.

The denial of his indebtness to the plaintiff by defendant in the affidavit of defense in this case in the amount of claim, or that he is indebted to the plaintiff on a book account in any sum whatever, is a general and evasive denial. It states a conclusion without stating the facts from which that conclusion is drawn. The defendant should have stated the facts upon which he bases the legal conclusion that he is not indebted. He should have stated that he never had the dealings or transactions claimed for in the book account, or that he did not receive the items for which the claim is made, or that he has paid the claim or been discharged from liability in some other way, giving a full statement of the particulars of such payment or discharge. The affidavit of defense is clearly insufficient in our opinion, and we enter judgment for the plaintiff for want of a sufficient affidavit of defense for $286.67.

From George Ross Eshleman, Lancaster. Pa.